JOHN L. GRAVES *vs.* ADAMS EXPRESS COMPANY.

Suffolk.    January 8, 1900. — June 5, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Carrier — Stipulation as to Liability — Assent of Shipper — Receipt —* " *Value asked and not given.*"

A common carrier may limit its liability in case of loss by stipulations concerning the value of the property which it undertakes to convey; and the only qualification is that the stipulation shall be brought home to the knowledge of the shipper under such circumstances that his assent to it can fairly be assumed to have been given; and if he accepts and acts upon it without dissent he will be presumed to have agreed to it; and in this case, which was an action against an express company to recover the value of a box containing paintings of great value intrusted to it for carriage and delivery, and lost by it and never delivered, the plaintiff, on the undisputed facts, must be held to have assented to the limitation of the defendant's liability contained in the receipt, and the stamping by the messenger on the receipt of the words " value asked and not given," without the knowledge or consent of the plaintiff, was an immaterial circumstance.

CONTRACT, in the name of the plaintiff, for the benefit of B. Dazzi, to recover the value of a box alleged to have contained two paintings of the value of $3,000, and to have been delivered by the plaintiff to the defendant in Boston for carriage and delivery to Dazzi in New York city, and to have been lost by the defendant and not delivered.   The answer admitted the receipt by the defendant from the plaintiff of a box to be forwarded and delivered to Dazzi in New York city, and alleged, among other things, that the box was delivered to the defendant without any statement of its value or contents ; that it bore no indication on the outside of the nature of its contents or of their value ; that the defendant was and had remained ignorant of such contents and value ; and that the box was received by the defendant to be forwarded and delivered only under and upon the terms of an agreement in writing made and accepted in that behalf by the plaintiff, by which it was, among other things, provided that the value of the box was $50, and that the plaintiff should not in any event demand beyond that sum for it.   The answer further alleged a tender of $55 by the defendant to the plaintiff before

action brought, and the $55 was brought into court under the common rule by the defendant with its answer.

Trial in the Superior Court, before *Fessenden*, J., who ruled that the action could not be maintained to recover more than the amount tendered and paid into court by the defendant, and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions, which appear in the opinion.

*A. H. Russell*, for the plaintiff.

*L. S. Dabney*, for the defendant.

MORTON, J. At the trial it appeared from the plaintiff's testimony that he had been in business for many years, and had been in the habit of sending year in and year out quite a large number of packages by express ; that when he delivered goods to the defendant's messengers, they always gave the regular receipt for them ; and that blank receipts were kept in his office, and when he got out of them the messenger was notified, and more were left. He further testified that he had shipped goods on valuations and without valuations, and that he was aware that when the value was more than $50 the charge for transportation was increased, and was also aware of the clause valuing the merchandise at $50 unless another value was expressed. He also testified that he gave his clerk instructions as to the shipping of the paintings, but did not say anything to her about the value, or give her any value ; that he must have known when the messenger took the box away, although his memory was not clear ; and that the receipt was brought to him later in the day by the clerk, and noticing an error in the date he corrected it by writing the true date over it but found no other fault with it, and gave it back to the clerk to put on file. As tending still further to show his familiarity with the valuation clause in the receipt, it appeared from his testimony that he generally filled out the receipts in which a valuation was given, and on the same day on which the paintings were shipped he shipped several other packages, the receipts for which were filled out by him and contained valuations. There was likewise testimony from him tending to show that when a valuation was put into the receipt he prepaid the freight, but that in this instance the freight was to be collected from the consignee. There was no claim that the receipt which the plaintiff got differed as a blank from the other blanks

of the defendant company which the plaintiff was accustomed to use.

We think that upon these facts, which are undisputed, the plaintiff must be held to have assented to the limitation of the defendant's liability contained in the receipt. It is settled in this State at least, that a common carrier may limit its liability in case of loss by stipulations concerning the value of the property which it undertakes to convey. *Graves* v. *Lake Shore & Michigan Southern Railroad,* 137 Mass. 33. *Hill* v. *Boston, Hoosac Tunnel, & Western Railroad,* 144 Mass. 284. *Hart* v. *Pennsylvania Railroad,* 112 U. S. 331. *Ballou* v. *Earle,* 17 R. I. 441.

The only qualification is that the stipulation shall be brought home to the knowledge of the shipper under such circumstances that his assent to it can fairly be assumed to have been given. And if he accepts and acts upon it without dissent he will be presumed to have agreed to it. *Cox* v. *Central Vermont Railroad,* 170 Mass. 129.

It appeared at the trial that the words " value asked and not given " had been stamped on the receipt. There was testimony tending to show that this was done by the messenger without the knowledge or consent of the plaintiff. The plaintiff testified that if the value had been asked he would have given it. But assuming that the words were not on the receipt when it was handed to the plaintiff by his clerk, and that they were not stamped on it with his knowledge or consent, and that the value was not asked, it would follow that the plaintiff was content to accept a receipt which contained no valuation, and to let the paintings go without giving a valuation. The stamping of the words upon the receipt did him no harm therefore, and was an entirely immaterial circumstance, even though if he had been asked he would have given the value. The messenger was not required to ask the value, and in the absence of any dissent from the terms of the receipt, we think that the plaintiff was bound by them.

*Exceptions overruled.*