JOHN J. HURLEY & others *vs.* NATHANIEL R. PACKARD.

Plymouth.   October 21, 1902. — October 30, 1902.

Present: MORTON, LATHROP, BARKER, & LORING, JJ.

*Damages*, Remoteness.

One employed by a shoe manufacturer to get orders, who delays until December 31 to transmit an order given to him on December 17 for shoes to be delivered on March 1, is not liable for a loss to his employer from the cancellation of the order by the customer on December 31, as such cancellation is not an event which according to common experience naturally and reasonably would be expected to occur if there was such a delay in handing in the order.

CONTRACT for an amount alleged to be due as compensation and commissions under an agreement in writing. Writ dated April 22, 1901.

The answer contained a general denial, and also alleged that the plaintiffs were employed to take orders for shoes and turn over the orders to the defendant, and that they did that work so

negligently and so failed to turn over the orders at the proper time that the defendant lost the sale of the goods ordered, and thereby suffered great loss.

In the Superior Court *Fox*, J. ruled that the damages sought to be recouped by the defendant were too remote, and ordered a verdict for the plaintiffs for the whole amount claimed. The defendant alleged exceptions.

*F. M. Bixby*, for the defendant.

*R. W. Nutter*, for the plaintiffs.

LORING, J. In this action the defendant sought to recoup damages caused by the breach of the agreement sued on by one of the plaintiffs. The plaintiffs were employed by the defendant to get orders for his business of manufacturing shoes, and they agreed to "serve" him "well and faithfully." The breach of the agreement relied on by the defendant was in the plaintiff W. M. Hurley not acting promptly in handing in an order given him in New York by one Lambert on December 17, 1900. It appeared that on Hurley's return to the defendant's factory, which was at Brockton, he told the defendant that he had a good order from Lambert, but did not state the details. Hurley's explanation on the stand for not handing in the order promptly was, that the order was for one thousand seven hundred and sixty-nine pairs of shoes of new styles and descriptions, and that it would take half a day to write it out; that the shoes were not to be delivered until March 1, and so far as work in the factory was concerned, there was no need of the order "being in" before January 15, 1901. It also appeared that the factory was shut down about December 26, 1900, to take account of stock and get ready for the next "run," which was to begin on January 1, or soon after. The plaintiff's agreement with the defendant ended on December 26, and on that day Hurley's brother was asked to turn in all property in his possession and to tell Hurley to do the same. The defendant asked Hurley several times where the order from Lambert was, "to which he replied that it was in his, said Hurley's, pocket," meaning that he had notes of it and that it had not been written out. Lambert testified that he never asked Hurley directly to turn over the order. On December 29, the defendant telephoned Lambert and asked him if he had given an order to Hurley, and Lam-

bert said that he had, and that he would come to the factory and
see him about it on the following Monday, December 31 ; but,
in place of doing so, he sent the defendant a letter cancelling
the order on the same day, December 29, and this was received
by the defendant on the 31st at 9 A. M.   At 12 M. of the same
day, December 31, Hurley turned in his keys and delivered the
itemized order to the defendant's bookkeeper.   The defendant
testified that the profit on the shoes would have been twenty-
five cents a pair, and sought to recoup that loss. . The presiding
judge ruled that the damages were too remote, and directed the
jury to return a verdict without deducting anything by way of
recoupment.   The case is here on an exception to that ruling.

The ruling was right.   The cancellation of the order by Lam-
bert was not an event which, according to common experience,
was naturally and reasonably to be expected in case there was a
delay in handing it in ; and for that reason the case falls within
*Hoadley* v. *Northern   Transportation   Co.* 115   Mass.   304, and
*Denny* v. *New   York   Central   Railroad,* 13   Gray, 481, and not
within *Fox* v. *Boston   &   Maine   Railroad,* 148   Mass.   220, or
*Johnston* v. *Faxon,* 172 Mass. 466.

*Exceptions overruled.*