JOHN HOOD COMPANY *vs.* AMERICAN PNEUMATIC SERVICE
COMPANY.

Suffolk.   January 10, 1906. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Carrier.   Corporation.   Waiver.*

A printed provision in the receipt of a common carrier, limiting its liability in case
of loss by a stipulation concerning the value of the property which it under-
takes to transport, in order to be operative must be brought home to the knowl-
edge of the shipper under such circumstances that his assent to it fairly can be
assumed.

In an action by a corporation against a common carrier, also a corporation, for the
loss of a package worth $60, delivered by the plaintiff to the defendant for trans-
portation, it appeared that the receipt given by the defendant contained a stipu-
lation limiting its liability to a valuation of $5 unless the true value should be
stated and an additional charge made, which was not done, that the plaintiff's
treasurer when he called at the defendant's office about the lost package and
asked to see the manager was told by a clerk " It is unnecessary to see the
manager, we are responsible, the receipt amounts to nothing.  Go ahead and
replace the goods, and if the bill is O. K. we will pay it," and that later the
plaintiff's president saw the defendant's manager and told him what the de-
fendant's clerk had said, and the manager said " I will look into it ; you present
your bill any way, and if it is as you say, and a just bill, we will pay it."  No
question was raised at the trial as to the justness of the bill.  *Held,* that there
was evidence of ratification by the defendant's manager of the act of the de-
fendant's clerk in waiving the limitation of liability contained in the receipt,
and that a finding that the defendant was liable for the full value of the package
was justified.

CONTRACT for the value of a set of false teeth entrusted
by the plaintiff, a corporation, to the defendant, also a cor-
poration, as a common carrier for transportation.  Writ dated
January 15, 1904.

The defendant in its answer admitted its liability for $5,
and paid that sum of money into court.  At the trial in the
Superior Court before *Fox,* J. it appeared that the receipt
given for the package by the defendant contained the follow-
ing printed stipulation: " The liability of this company is
limited to five dollars, at which the property is hereby valued,
unless the just and true value is stated in this receipt and
an additional charge made therefor."

The treasurer of the plaintiff testified that he received from a customer in Roxbury a set of false teeth to be repaired; that the repairs were made and the teeth were given to the plaintiff's shipping clerk who took them to the defendant to return to the customer; that the customer telephoned that they had not come, and the witness looked up the defendant's receipt; that he never saw the receipt before the loss and did not know its form; that he called up the defendant's number on the telephone; that somebody said over the telephone that the package had been lost and told him to make it good; that he was not satisfied with the telephone talk and went to the defendant's office, where he saw a clerk named Green, with whom he had the conversation described in the opinion.

The witness further testified that the next day he went again to the defendant's office with the plaintiff's president and again saw Green to whom he said " I want to see about a lost package; the receipt says you are responsible for only five dollars; you have given orders to go ahead, but we want definite orders"; and that Green replied substantially as in the first interview; that in consequence the witness caused the lost set of teeth to be replaced by a duplicate set of the same cost and value and sent the bill, which was for $60, to the defendant, who refused to pay it.

The president of the plaintiff testified that he never saw the receipt until after the loss and did not know its form. He corroborated the treasurer as to the last talk with Green, and further testified that some time later he went down alone and asked for the manager, and that substantially this conversation followed: " I asked him if he was manager; he said he was. I said, 'I came to see about a lost package; we have got orders from one of your clerks to make it good, but the receipt says you are not liable for over five dollars.' He replied, 'We are not liable for over five dollars.' I said, 'your clerk said for us to go ahead and duplicate it.' He said, 'Who told you any such thing?' I said, 'That young man over there in his shirt sleeves (pointing to Mr. Green); if you don't believe it, ask him.' He said, 'Never mind now; I will look into it; you present your bill, any way, and if it is as you say, and a just bill, we will pay it.'"

At the close of the evidence the defendant asked the judge to rule, that taking the receipt from the defendant without objection constituted the contract of the parties and fixed their rights and liabilities. The judge made this ruling, saying that this constituted one contract between the parties, but not the contract sued upon.

The defendant also requested among others the following rulings:

" 7. That after the loss of the goods the defendant was not bound by the alleged promise of its alleged agent Green.

" 8. That the alleged agent Green had no authority to give the alleged order for replacing the lost goods.

" 9. That the alleged promise by Green is without consideration and not binding on the defendant.

" 10. That the plaintiff cannot recover more than five dollars in this action, which was paid into court.

"11. That in view of the tender by the defendant and the amount of claim of the plaintiff, the plaintiff cannot recover costs and a verdict should be ordered for the defendant."

The judge refused to make these rulings, and found for the plaintiff for the price of the teeth in the sum of $63.92. The defendant alleged exceptions.

*J. T. Pugh,* for the defendant.

*C. G. Chick,* for the plaintiff.

LATHROP, J.   The rules of law applicable to this case are well settled. A common carrier may limit its liability in case of loss by stipulations concerning the value of the property which it undertakes to convey; but this stipulation must be brought home to the knowledge of the shipper under such circumstances that his assent to it can fairly be assumed to have been given. And if he accepts and acts upon it without dissent he will be presumed to have agreed to it. *Graves* v. *Adams Express Co.* 176 Mass. 280, 282, and cases cited. It is possible, but we think not probable, that the case was decided upon this ground.

A better ground to rest the decision upon is that there was evidence of ratification by the manager of the defendant company of the act of Green, the defendant's clerk. There was evidence that Green said to the treasurer of the plaintiff

company, when he called at the office to see about the lost package, and asked to see the manager: "It is unnecessary to see the manager, we are responsible, the receipt amounts to nothing. Go ahead and replace the goods, and if the bill is O. K. we will pay it." There was also evidence that when the president of the plaintiff company saw later the manager of the defendant company and told him what Green had said, the manager said: "Never mind now; I will look into it; you present your bill, any way, and if it is as you say, and a just bill, we will pay it." No question was made at the trial as to the justness of the bill, and the only defence was the limitation of liability in the receipt to $5. *Metcalf* v. *Williams*, 144 Mass. 452, and cases cited.

*Exceptions overruled.*