HARRIET E. FRENCH *vs.* MERCHANTS AND MINERS
TRANSPORTATION COMPANY.

Suffolk.    March 11, 1908. — June 19, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Carrier.    Contract,* Construction, Validity.    *Negligence.    Fire.*

If one, whose eyesight is so defective that, although he can see large objects, he cannot read print, purchases and accepts from a carrier a ticket upon which a long contract of transportation, with many terms and conditions, is stated, he is bound by such of the terms of the contract as are valid, whether he reads the contract or not.

A provision of a contract of transportation, printed upon a ticket which a passenger accepted, contained a provision that the carrier " shall not be liable for delay, loss, default, injury or damage to passenger, money or effects, arising from fire, robbers, thieves, perils of the sea, rivers, or navigation, deviation, collisions, or accidents to or of machinery, boilers or steam, or from any causes beyond its control.    Negligence shall not be presumed." *Held,* that the provision was not invalid as an attempt to exempt the carrier from the consequences of negligence on his part, since it should be construed as exempting the carrier in case he was not negligent.

A transportation company, which by the terms of its contract with a passenger is to transport the passenger's baggage with him, but is exempt from liability for injury to or loss of the baggage which is not caused by its negligence, is not liable for the loss of the baggage while in its possession through a fire which was not caused by its negligence, although, if the carrier had not negligently delayed the transportation of the baggage, it would not have been burned.

CONTRACT for failure to transport the plaintiff's baggage safely and deliver it to her at the end of her journey.    Writ in the Superior Court for the county of Suffolk dated November 12, 1906.

At the trial, which was before *Wait,* J., it appeared that the

plaintiff had purchased a ticket for transportation by rail from Jacksonville, Florida, to Savannah, Georgia, and over the defendant's steamship lines from Savannah to Boston, via Baltimore, Maryland, and that the ticket contained the following printed provision: " The company shall not be liable for delay, loss, default, injury, or damage to passenger or baggage, money or effects, arising from fire, robbers, thieves, perils of the sea, rivers, or navigation, deviation, collisions or accidents to or of machinery, boilers or steam, or from any causes beyond its control. Negligence shall not be presumed."

The plaintiff's evidence tended to show that, upon her arrival at Baltimore on June 4, she asked the steward of the boat upon which she was if she could have her trunk rechecked to Boston, and, upon examining her ticket and her trunk check, he said, " You keep this check and I will put a tag on your trunk for Boston." The plaintiff kept the check, and the trunk stayed in Baltimore, where it was burned upon a wharf of the defendant on June 13, the plaintiff in the meantime having sailed for Boston on June 5 and arrived there on June 8.

Other facts are stated in the opinion.

At the close of the evidence, the presiding judge directed a verdict for the defendant, and the plaintiff excepted.

*T. R. Bateman,* (*H. W. Brown* with him,) for the plaintiff.

*G. F. Manson,* for the defendant.

LORING, J. It is stated in the bill of exceptions that the plaintiff did not " contend that this fire was due to any negligence whatsoever on the part of the defendant, nor that the defendant was lacking in diligence in trying to control and extinguish said fire." This ended the plaintiff's case unless it was taken out of the usual rule by the fact that the jury were warranted in finding from the testimony of the plaintiff that she " could see large objects, but could not read print and had not been able to read for over a year previous to this trip."

We do not think that the plaintiff's case would have been taken out of the usual rule if the jury had believed the plaintiff and found that her eyesight was what she testified it to be.

The usual rule is that a passenger who accepts a ticket on which the contract of transportation is stated is bound by its terms whether he reads it or not. *Grace v. Adams,* 100 Mass.

505.   *Quimby* v. *Boston & Maine Railroad,* 150 Mass. 365. *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553.   *Cox* v. *Central Vermont Railroad,* 170 Mass. 129.   *Graves* v. *Adams Express Co.* 176 Mass. 280.   *John Hood Co.* v. *American Pneumatic Service Co.* 191 Mass. 27.

The ticket here in question must be taken on this bill of exceptions to contain on its face nearly two quarto pages of printed provisions.*   It must have been apparent, even to a person who can see only "large objects," that the ticket contained a contract, and the plaintiff was bound to have it read to her if she could not read it herself.

By the terms of the contract between the plaintiff and the defendant, the defendant is not to be liable for injury to baggage arising from fire.   The legal result of such a contract is that it is not liable for fire unless negligent.   *Grace* v. *Adams,* 100 Mass. 505.   *School District* v. *Boston, Hartford & Erie Railroad,* 102 Mass. 552.   *Pemberton Co.* v. *New York Central Railroad,* 104 Mass. 144, 151.   *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304, 305.   What was said by this court in *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553, 557, and in *Cox* v. *Central Vermont Railroad,* 170 Mass. 129, 137, means that such a contract is invalid, if it is construed to be a contract exempting the carrier when he is negligent.   It was not meant that where the contract exempts the carrier generally without referring in terms to the subject of negligence, it is invalid altogether.   Such a contract is construed to be a contract exempting the carrier unless the passenger proves that he was negligent.

The plaintiff therefore is thrown back on her contention that the jury were warranted in finding that the defendant agreed to carry her trunk from Savannah to Boston and was negligent in holding her trunk in Baltimore from June 4 until June 13, when

---

* The copy of the ticket printed in the bill of exceptions contained a statement that it was issued "subject to the following contract between the purchaser and all lines over which it reads," followed by eleven provisions stated in five hundred and forty-two words.   There was no explicit statement in the bill of exceptions as to the size of the ticket, or whether the printed matter was on its face or its back, but there was a statement, "The ticket was stamped on its back as follows," (giving the name of the steamer, the company, and the date) which would seem to indicate that the above provisions were on the face of the ticket.

it was destroyed by fire. For the natural and probable consequences of that delay the defendant would be liable if such a finding was warranted on the evidence. But the destruction of the trunk by fire was not the natural and probable consequence of not forwarding it promptly, and, since the only liability of the defendant is for delay, it is not liable for its loss. *Denny* v. *New York Central Railroad,* 13 Gray, 481. *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304. See also in this connection *Whitcomb* v. *Bacon,* 170 Mass. 479, 482; *Hurley* v. *Packard,* 182 Mass. 216.

*Exceptions overruled.*