FRANKLIN C. HENDERSON *vs.* CANADIAN PACIFIC RAILWAY COMPANY.

Norfolk.   December 10, 1926. — February 3, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence,* Contractual limitation of action, Steamship. *Contract,* Validity. *Steamship. Carrier,* Of passengers.

Provisions in a contract, set out on a ticket issued to a passenger on a steamship line plying from New York in the State of New York to Nassau in Bermuda, in substance that the steamship company would not be liable, among other things, for injuries to the person of the passenger unless suit were commenced within ninety days after the cause of action arose and unless within fifteen days after the cause of action

arose notice of the claim of the plaintiff and of the facts upon which it was based had been presented in writing to the master of the ship or to the company's office either at Montreal or in New York, are not unreasonable and are valid.

The fact that an agent of a steamship company, not its chairman, before delivering a ticket to a passenger for a journey from New York in the State of New York to Nassau in Bermuda, changed the face of the ticket form so that it read "New York to Nassau" instead of "New York to New York" and so that the last two words of "Itinerary" describing the journey from Nassau back to New York were omitted, did not render invalid a contract on the back of the ticket limiting a right to bring an action for personal injuries alleged to have resulted from negligence of the defendant's employees during the voyage, although another provision of the contract was that the agent issuing the contract was "solely to issue the same in regular printed form without alteration or additions; no person except the Chairman of the Company at Montreal has authority to make any alteration in or addition to such printed form either before or after issue or waive any provision, and no alteration, addition or waiver shall be binding on any carrier unless authorized in writing signed by such Chairman": the last named provision was for the benefit and protection of the defendant, and could not be used by the plaintiff to destroy his contract after it had been fully executed and performed by all parties to it.

If a passenger accepts from a steamship company a ticket for a journey, upon the back of which are stated conditions and a contract, not contrary to law, and the company performs the contract of transportation, the passenger becomes bound by the conditions and the contract although his attention is not called to them specifically and he has not read them, unless it appears that, by reason of the form of the ticket and the time and manner of its purchase, an inference of notice or knowledge of the conditions and contract would not be warranted.

TORT for personal injuries. Writ dated July 8, 1925.

In the Superior Court, the action was tried before *Keating,* J. Material facts are described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant and reported the action to this court for determination.

*M. J. Mulkern,* for the plaintiff.

*C. F. Choate, Jr., (G. S. Selfridge* with him,) for the defendant.

PIERCE, J. This is an action of contract or tort, commenced by a writ dated July 8, 1925, to recover for injuries alleged to have been sustained by the plaintiff while a passenger on the steamer "Empress of Britain" (owned and operated by the defendant), by reason of an infection which

he received in a swimming pool in use on said steamer during a cruise from New York to the West Indies in January and February, 1924. At the close of the evidence, the defendant presented a motion that a verdict be directed in its favor. To the allowance of the motion the plaintiff excepted. The trial judge then reported the case for the determination of this court, the parties having agreed "that if the stipulations contained in the ticket (Exhibit A) were binding on the plaintiff, judgment was to be entered for the defendant; otherwise, judgment was to be entered for the plaintiff in the sum of $6,000."

For the purposes of the trial it was agreed that Exhibit A was the ticket received by the plaintiff from the defendant's agent in Boston, on January 14, 1924, and delivered to the defendant's agent in New York when the plaintiff was going on board the steamer called the "Empress of Britain" on January 22, 1924, as the ticket entitling him to transportation. It was also agreed that, according to the English law, the stipulations contained in the ticket were valid and binding.

The stipulations of the contract referred to in the above agreement provided, among other "conditions," the following: (paragraph 5) ". . . The Company is not liable for loss of, or injury to, the Passenger or his baggage, or delay in the voyage, whether arising from the act of God, King's enemies, fire, robbers, thieves, perils of the sea, rivers or navigation, collision, stranding, accident to or by machinery, boilers or steam, or the wrongful act, negligence or default of the Company or of the Company's servants (whether on board the vessel, or not), defect in the vessel, her machinery, gear or fittings . . . or from any other cause of whatsoever nature"; (paragraph 22) "This Contract may, before sailing or at any stage of the service, be cancelled and transportation refused to any person whose presence is likely in the judgment of the Company or its representatives to be objectionable to the other passengers and such person shall have no claim therefor beyond refund of the passage money for any unused portion of the transportation upon surrender hereof"; (paragraph 24) "Notwithstanding any other limitation by

law or that the Company may be a foreign corporation or non-resident, no suit shall be maintained against any Company or any vessel in its service in any jurisdiction, nor shall the Company be liable for breach of this Contract in any respect, or for delay, loss, damage or injury to any person or property or death of any person, unless suit be commenced within ninety (90) days after the cause of action arises; and unless also within fifteen (15) days after the same time notice of the claim and of the facts upon which it is based shall have been presented in writing to the Master of the Ship or to the Company's office either at Montreal or New York"; and (paragraph 28) "All questions arising on this contract shall be decided according to the law of England."

The cruise of the steamer "Empress of Britain" covered various islands and ports in the Caribbean Sea, thence to Nassau, Bermuda, and back to New York. The steamer sailed on January 22, 1924, and returned to New York on some day in February, 1924. The ticket given the plaintiff reads from New York to Nassau, where the plaintiff was to stop. As printed, the ticket read from New York to New York; but the words "New York" after the word "to" are stricken out and underneath is written the word "Nassau." The plaintiff, as he planned to do, left the steamer at Nassau in February, 1924. The writ was sued out under date of July 8, 1925, one year and five months after he had received on the steamer his alleged injury. The limitations of the contract as to notice and as to time beyond which an action should not be commenced in these respects are not unreasonable and are valid provisions. *Eliot National Bank* v. *Beal,* 141 Mass. 566, 567. *Cox* v. *Central Vermont Railroad,* 170 Mass. 129, 131, 132, 139.

The plaintiff contends that the ticket which he received and delivered to the defendant as the evidence of his right to passage on the steamer was without effect as a contract because the agent of the defendant, in Boston, altered the contract form as originally printed by changing the statement of the journey as it originally was on the printed form, "From New York to New York," to read, "From New York to Nassau," and by striking out from the "Itinerary"

printed just below the above phrase the last two words, "Hamilton, New York," so that the "Itinerary" ended with "Nassau"; such alteration being in violation of section 23 of the conditions of the contract, which reads: "The agent issuing this Contract is agent solely to issue the same in regular printed form without alteration or additions; no person except the Chairman of the Company at Montreal has authority to make any alteration in or addition to such printed form either before or after issue or waive any provision, and no alteration, addition or waiver shall be binding on any carrier unless authorized in writing signed by such Chairman." This provision manifestly was for the benefit and protection of the defendant, and cannot be used by the plaintiff to destroy his contract which has been fully executed and performed by all parties to it.

The plaintiff further contends that no special contract was made by his acceptance and use of the ticket, because it is not clearly shown that his attention was called to the limitations and conditions printed on the back of the ticket when he purchased it, or that he became aware of the limitations and conditions of the ticket contract before he delivered it to the defendant at the pier in New York. The acceptance of the ticket in the circumstances gives rise to an implication of assent to the conditions of its issuance, and the plaintiff who did not read it took the risk of the omission. *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553. *O'Regan* v. *Cunard Steamship Co.* 160 Mass. 356. *French* v. *Merchants & Miners Transportation Co.* 199 Mass. 433. *Secoulsky* v. *Oceanic Steam Navigation Co.* 223 Mass. 465. *New York Central & Hudson River Railroad* v. *Beaham,* 242 U. S. 148, 151. The case of *Brown* v. *Eastern Railroad,* 11 Cush. 97, on which the plaintiff relies, is distinguishable in its facts from the case at bar, in that the form of the ticket and the time and manner of its purchase and use did not warrant an inference of knowledge of the notice printed on the back of the ticket, while the ticket in the case at bar did in its size and form, and in the lapse of time before its use, warrant the implication of notice, knowledge and assent. See *Hooker* v. *Boston & Maine Railroad,* 209 Mass. 598.

The limitations of the contract as to notice and as to time beyond which an action should not be commenced were binding on the plaintiff; they were conditions precedent to any right to maintain the action; they were not performed. It results that judgment is to be entered for the defendant in accordance with the agreement of the parties.

*So ordered.*