MARY O'FLAHERTY *vs.* CUNARD STEAMSHIP COMPANY, LIMITED.

Suffolk.   December 6, 1932. — January 4, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Contract,* Limiting liability for negligence, Validity. *Steamship. Actionable Tort. Notice.*

A provision in a contract of carriage between a corporation operating a transatlantic line of steamships and a passenger for transportation from Boston to Ireland that "No suit, action or proceeding against the Company or the vessel, or the agents of either, shall be maintained . . . for injury to the passenger or for breach of the terms hereof, unless written notice of the claim be delivered to the Company within forty days after debarkation of the passenger," is reasonable, is binding on the passenger, and establishes a condition precedent to the maintenance of a suit, action or proceeding of the character therein described.

The declaration in an action of tort against the corporation for personal injuries alleged to have been sustained by a woman passenger being transported on a transatlantic steamship under the contract above described contained merely a general allegation of negligence of the defendant, its servants or agents. At the trial there was evidence that the plaintiff on August 8 fell down stairs on the ship; that she stated to the ship's physician that the cause of her fall was a puddle

of water, of which she did not know and had not been warned, at the top of the stairs, left there by members of the crew who had washed the upper deck; and that she intended to take the case to court; that she wrote the defendant two letters, the first before August 28, in which she stated that she was writing in regard to her accident "and wish to inform you, for your protection, and the welfare of passengers in future of your Doctors carelessness in my behalf," complained of lack of attention to the comforts of third class passengers, and asked if her return passage to the United States could not be changed from third to second class. No other notice in writing was given to the defendant. A verdict for the defendant was ordered. *Held*, that

(1) Actual knowledge on the part of the ship's surgeon or other employees of the defendant was not an excuse for failure to give the notice in writing;

(2) The plaintiff's letter to the defendant contained no notice of any claim for damages but related to other matters;

(3) There was no evidence that the plaintiff gave the defendant the notice required by the contract;

(4) The verdict rightly was ordered.


CONTRACT OR TORT, for personal injuries sustained when the plaintiff was a passenger on a steamship of the defendant travelling from Boston to Ireland. Writ dated November 3, 1925.

The declaration contained three counts. The first two were in contract and were waived by the plaintiff. The third was in tort, alleging merely that the plaintiff "was properly on the S. S. Samaria, a conveyance owned by the defendant and operated by it, its servants or agents; that by reason of the negligence of the defendant, its servants or agents, and while she was in the exercise of due care, through no fault of her own, she received serious and permanent injuries."

The action was tried in the Superior Court before *Macleod*, J.

The plaintiff's letter to the defendant before August 28, 1925, read as follows:

"I am writing in regard of my recent accident on the Steam Ship Samaria, August the eighth, and wish to inform you, for your protection, and the welfare of passengers in future of your Doctors carelessness in my behalf which I feel is part the cause of me been under the doctors care in hospital and home for my vacation. After the accident he ordered

the matron to attend to me, which she did for 15 or 20 minutes, put me to bed, left me for about 12 hours without any attention, when I asked him if I could not have some ice to give my eyes cold applications that I knew a little of nursing myself, he said sarcasticly he knew nothing of nursing. I hope before his next trip he will consider a third class passengers life, as important to him as is a first class passengers life is.

"I am sorry to find out by experience that you give little attention to the comforts of your third class passengers, for the price you charge for their passage.

"Now I must get back to the U. S. A. for medical attention. I intended to go back third, and want to ask you if you can change my accommodations to second on the Steamship Scythia, sailing September 19th which I have applied through your agent here in New Ross. Would like if possible an outside comfortable state room, if not I must get back, so will have to go the best you can accomadate me with."

To the above letter the defendant replied by a letter dated August 28, 1925, reading as follows:

"We have received your recent letter with regard to your accident on board the 'SAMARIA' and would at once say that we regret the unfortunate occurrence, which you will appreciate was purely accidental, but for which we cannot accept any liability, inasmuch as the accident occurred through circumstances over which we have no control.

"The Surgeon's report which was made out before receipt of your letter explains that you refused medical aid, and it was only with the greatest difficulty that the Surgeon was allowed by you to apply the dressing.

"Our information is that medical attention was offered to you immediately following the accident.

"We observe that you wish to return to the United States by the 'SCYTHIA' on September 19th, and that you wish to transfer to Second Class. We are asking our Second Class Department to get in touch with you in the hope that they will be able to make you comfortable on the return voyage."

Other material evidence at the trial is described in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*T. H. Mahony & C. S. O'Connor*, for the plaintiff.

*A. J. Santry & F. Fish*, for the defendant.

CROSBY, J.    This is an action to recover for personal injuries received by the plaintiff while a passenger upon a transatlantic ship operated by the defendant. The declaration contains three counts. The first and second are in contract and were waived. The third is a count alleging in substance due care of the plaintiff and negligence of the defendant, its servants or agents.

The plaintiff was injured by falling down stairs on the steamship "Samaria" on August 8, 1925. She testified that after she fell she was taken to the ship's hospital, and in reply to questions put to her by the ship's surgeon related when and how the accident happened. She told him that "she had pitched down the staircase by reason of a puddle of water at the top thereof left there by members of the crew who had washed the upper deck and which was there without her knowledge, that she had not been warned by anybody of its presence and that she intended to take the matter to court." After her arrival in Ireland she wrote two letters to the defendant, the first being received by the company before August 28, 1925, in which she referred to her accident on August 8, and to the doctor's "carelessness" in treating her. She also complained of lack of attention to the comforts of third class passengers, and asked if her return passage to the United States could not be changed from third to second class. This action is brought to recover not for alleged negligence of the doctor but for alleged negligence in maintaining the premises in an unsafe condition. The plaintiff testified that she sent another letter to the defendant in reply to the latter's letter of August 28, 1925, in which she stated "that she had not refused attention, but had refused dope; that was about all there was in this letter."

The contract of carriage provided so far as material as

follows: "10. No suit, action or proceeding against the Company or the vessel, or the agents of either, shall be maintained . . . for injury to the passenger or for breach of the terms hereof, unless written notice of the claim be delivered to the Company within forty days after debarkation of the passenger." The trial judge upon the defendant's motion directed the jury to return a verdict in its favor subject to the plaintiff's exception. It is not contended by the defendant that in the absence of the foregoing provisions in the contract for written notice it could have exonerated itself from liability for negligence, but it contends that the contract of carriage is valid and will be enforced.

We are of opinion that the provision for written notice of the claim to be delivered to the company within forty days after debarkation of the passenger is reasonable and binding upon the plaintiff. It was a condition precedent to the right to maintain the action. *Henderson* v. *Canadian Pacific Railway*, 258 Mass. 372, and cases cited. *Gooch* v. *Oregon Short Line Railroad*, 258 U. S. 22. *Murray* v. *Cunard Steamship Co.* 235 N. Y. 162. In the case last cited the Court of Appeals held that the same provision as is relied on by the defendant in the present case was reasonable and valid. The plaintiff, having accepted the contract, is bound by its terms whether she reads them or not. *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553, 555. *Henderson* v. *Canadian Pacific Railway*, 258 Mass. 372. Actual knowledge on the part of the ship's surgeon or other employees of the defendant was not an excuse for failure to give the notice in writing. *Henderson* v. *Canadian Pacific Railway*, 258 Mass. 372, 376. *St. Louis, Iron Mountain & Southern Railway* v. *Starbird*, 243 U. S. 592. *Gooch* v. *Oregon Short Line Railroad*, 258 U. S. 22, 24. The letter addressed by the plaintiff prior to August 28, 1925, contained no notice of any claim for damages caused by her fall but related to other matters. It was said in *Chertok* v. *Dix*, 222 Mass. 226, at page 227: "A requirement for a written notice must show by some form of words that it is intended to fix rights."

As the plaintiff offered no evidence to show that she delivered any written notice to the defendant within forty days after debarkation, the trial judge rightly granted its motion for a directed verdict.

*Exceptions overruled.*