No. 2950            Northern            Suffolk, ss.

GORIN'S INC.        (William Doyle, Warren E. Carley)
v. MOORE ENAMELING & MFG. CO.
               (Badger, Pratt, Doyle and Badger)

From the District Court of Chelsea—Walsworth, J.

Argued June 13, 1941—Opinion Filed September 30, 1941

SULLIVAN, J. (Jones, P.J. & Wilson, J.)—Action in two counts by a store against a manufacturer for physical injury received by a customer of the plaintiff while handling enamel-ware, manufactured by the defendant and sold to the plaintiff.

The declaration was in two counts, the first for a breach of warranty and the second for negligence. The Court found for the plaintiff on count one.

The denial of the defendant's second request raises the issue of the sufficiency of the evidence to warrant to finding of a breach of warranty. The manufacture, sale and delivery by the defendant to the plaintiff of the enamel-ware was not in question. Without doubt there was an implied warranty of merchantability, G. L. (Ter. Ed.) c. 106, Section 17, (2). *Country Club Soda Co. Inc.* v. *Arbuckle,* 279 Mass. 121. There was no evidence that the enamel was in any way improper when delivered to the plaintiff. What evidence there was about its condition was limited to testimony that the customer cut her finger on a "chipped area in the bottom of an enamel-ware kettle." There was other testimony that at the time the kettle was on the plaintiff's counter "loose among other kettles" and had been there "for about one month." The only evidence, concerning the condition of the kettle when received from the defendant, was the testimony of one witness for the plaintiff to the effect that "as far as she knew (it) was in good condition when it was placed upon the counter." Affirmative evidence that the condition of the kettle had not changed or that it had not been injured in handling or otherwise during that month was entirely absent. The burden of proof in this was upon the plaintiff, as the party relying upon the breach of warranty, both as to the existence of the warranty and as to the breach of it. *Nicholson* v. *American Hide & Leather Co.,* M. A. S. (1940) 1939, (26 B. T. L. 61). There was no burden upon the defendant to prove anything.

In this state of things, the only issue is whether the plaintiff has offered any evidence proving that the kettle was not merchantable when delivered by the defendant. We do not believe that evidence of its condition more than thirty days after its delivery, when it had been on an open counter for some weeks, is such proof. The evidence showed that the kettle was shipped by the defendant, Feb. 24, 1938 and that

the customer was injured, April 12, 1938. To hold that its condition when the customer was hurt, is such evidence, is to make the defendant an insurer of goods while in the possession and control of the plaintiff.

In our opinion there was prejudicial error in the denial of the defendant's second request.

We believe, also, that there was prejudicial error in the denial of the defendant's fourth request, which dealt with the sufficiency of the evidence to warrant a finding of a sufficient notice under the contract. There was evidence that the bill of sale of the kettle in question contained in printing the words "All shortage or claims must be registered with this company within 5 days after receipt of shipment." The only evidence in the case of any notice of claim by the plaintiff upon the defendant came in the form of a letter from the plaintiff's attorney to the defendant, dated May 12, 1938.

Unless these words are to be totally rejected as surplusage, they govern this case. If they have any meaning at all, they mean that a limitation of time was made a part of the contract within which claims of breach of warranty could be advanced. In our opinion this aspect of the case is determined by *MacLeod v. I. J. Fox, Inc.*, Mass. Adv. Sh. (1940) 767 (24 B. T. L. 326), and the plaintiffs claim was not advanced within the time prescribed by the invoice for the sale and delivery. See *O'Flaherty v. Cunard Steamship Co., Ltd.*, 281 Mass. 447.

There being prejudicial error in the denial of the defendant's second and fourth requested rulings, allowance of either of which would have necessitated a finding for the defendant, judgment is to be entered for the defendant.