DOROTHY KERGALD *vs.* ARMSTRONG TRANSFER EXPRESS COMPANY.

Suffolk. May 5, 1953. — May 28, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Contract,* Limiting liability, With carrier, Of bailment. *Carrier,* Of goods. Bailment.

One who delivered baggage to an intrastate common carrier for transportation and received a small pasteboard check having on one side a number and the words "Read contract on reverse side" and on the other side a provision purporting to state an agreement by him limiting the value of the baggage was not bound by such limitation unless he had actual knowledge of it when he took the check.

CONTRACT. Writ in the Superior Court dated August 26, 1949.

The action was tried before *Collins, J.*

*Charles S. McLaughlin,* for the defendant.

*Samuel B. Mannos,* for the plaintiff.

LUMMUS, J. This is an action of contract, begun by writ dated August 26, 1949, in which the plaintiff sues for the loss of her trunk and its contents. The defendant is an intrastate common carrier. There was evidence that the plaintiff arrived with her trunk at the South Station in Boston late in an evening in May, 1949, and went to the defendant's office there. She was not asked the value of her trunk, but was given a small pasteboard check by the defendant which was not read to her and which she did not read, but put in her purse. The trunk was to be delivered at her home in Boston. The defendant failed to deliver her trunk, and admitted that it had been lost. The small check had on one side the order number and the words "Read contract on reverse side," and on the other the words, "The holder of this check agrees that the value of the baggage checked does not exceed $100 unless a greater value has

been declared at time of checking and additional payment made therefore."

The defendant excepted to the denial of its motion for a directed verdict for the plaintiff in the sum of $100. The defendant excepted to the refusal of several requested instructions to the effect that the plaintiff was bound by the limitation printed upon the check, whether she read it or not. The judge instructed the jury, over the exception of the defendant, that the plaintiff is bound by that limitation if she had knowledge of it when she took the check, and otherwise is not. The jury returned a verdict for the plaintiff for $1,700, and the defendant brought the case here.

Where what is given to a plaintiff purports on its face to set forth the terms of a contract, the plaintiff, whether he reads it or not, by accepting it assents to its terms, and is bound by any limitation of liability therein contained, in the absence of fraud. *Grace* v. *Adams*, 100 Mass. 505 (bill of lading). *Gott* v. *Dinsmore*, 111 Mass. 45, 52 (assent necessary). *Redpath* v. *Western Union Telegraph Co.* 112 Mass. 71 (telegraph blank). *Monitor Mutual Fire Ins. Co.* v. *Buffum*, 115 Mass. 343 (insurance policy). *Donlan* v. *Provident Institution for Savings*, 127 Mass. 183 (savings bank book). *Smith* v. *Burgess*, 133 Mass. 511 (mortgage). *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553 (steamship ticket). *Cox* v. *Central Vermont Railroad*, 170 Mass. 129 (bill of lading). *Wood* v. *Massachusetts Mutual Accident Association*, 174 Mass. 217, 221 (benefit certificate). *Graves* v. *Adams Express Co.* 176 Mass. 280 (limitation known). *Singer* v. *Merchants Despatch Transportation Co.* 191 Mass. 449 (bill of lading). *McNamara* v. *Boston Elevated Railway*, 197 Mass. 383 (release). *French* v. *Merchants & Miners Transportation Co.* 199 Mass. 433 (steamship ticket). *Johnson* v. *New York, New Haven & Hartford Railroad*, 217 Mass. 203 (bill of lading). *Boynton* v. *American Express Co.* 221 Mass. 237 (express receipt). *Henderson* v. *Canadian Pacific Railway*, 258 Mass. 372, 376 (steamship ticket). *Shaw* v. *Victoria Coach Line, Inc.* 314 Mass. 262, 265 (draft).

On the other hand, where as in this case what is received

is apparently a means of identification of the property bailed, rather than a complete contract, the bailor is not bound by a limitation upon the liability of the bailee unless it is actually known to the bailor. *Brown* v. *Eastern Railroad*, 11 Cush. 97, 100–101 (limitation on back of railroad ticket). *Malone* v. *Boston & Worcester Railroad*, 12 Gray, 388 (same). *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553, 556 (explaining those cases). *Hooker* v. *Boston & Maine Railroad*, 209 Mass. 598, 600 (schedule as to baggage, no knowledge warranting inference of assent). *Blanchette* v. *Union Street Railway*, 248 Mass. 407 (warning sign on diving raft). *Kushner* v. *McGinnis*, 289 Mass. 326, 331 (ticket to amusement device). *Brennan* v. *Ocean View Amusement Co.* 289 Mass. 587, 594 (same). *Sandler* v. *Commonwealth Station Co.* 307 Mass. 470 (identification check for automobile given by parking station).

The cases in this Commonwealth so clearly show the law applicable to the facts of this case that we need not discuss decisions elsewhere. But we may say that our conclusions are supported by well reasoned cases in New York as well as other jurisdictions. *Zimmer* v. *New York Central & Hudson River Railroad*, 137 N. Y. 460. *Healy* v. *New York Central & Hudson River Railroad*, 153 App. Div. (N. Y.) 516, affirmed 210 N. Y. 646. *Blossom* v. *Dodd*, 43 N. Y. 264. *Madan* v. *Sherard*, 73 N. Y. 329. *Fessler* v. *Detroit Taxicab & Transfer Co.* 204 Mich. 694. In our opinion no error is disclosed by the record.

*Exceptions overruled.*