**Michele ABBASCIANO, Plaintiff,**

v.

**HOME LINES AGENCY, Inc.,
Defendant.**

**Civ. A. No. 55–456.**

United States District Court
D. Massachusetts.

June 13, 1956.

Max Marks, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This action to recover for personal injuries was brought in the Superior Court of Suffolk County, Massachusetts, and removed to this Court. The defendant now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the grounds that the action is barred since the plaintiff failed to commence suit within the time stipulated on his ticket.

While the plaintiff was a passenger aboard the S. S. Homeland en route from New York to Naples, Italy, he was injured as a result of the alleged negligence of the defendant company, operators of the ship. The injury occurred on March 22, 1953, and this action was instituted on May 2, 1955.

The ticket issued to the plaintiff is a two-page document entitled "Passage Contract." The following sections are relevant to this motion:

"13. ' * * * Suit to recover on any claim shall not be maintainable unless commenced and process served as follows:

"(1) within one (1) year from the date when the death or injury occurred in respect of any claim for loss of life or bodily injury * * *.

"16. * * * The passenger admits having read this passage contract and agrees that its provisions constitute the complete agreement between the carrier and said passenger."

On the face of the ticket in capital letters the carrier agreed "to provide the transportation described in this passage contract and subject to the contract terms and conditions herein provided for".

A ticket in the form disclosed here is not a mere token or voucher, but is a contract creating the obligations and defining the terms of carriage. Horvath v. Cunard Steamship Co., Ltd., D.C.1952, 103 F.Supp. 356. It is settled law that a party to a contract is legally bound by its terms whether or not he read them. Horvath v. Cunard, supra; Rogers v. Furness, Withy & Co., D.C.1952, 103 F. Supp. 314.

The provision limiting the time during which suit may be brought has received legislative recognition and is not unreasonable. 46 U.S.C.A. § 183(b).

The plaintiff seeks to escape from the provisions of the contract by relying on one Massachusetts case, Fonseca v. Cunard S. S. Co., 1891, 153 Mass. 553, 27 N.E. 665, 12 L.R.A. 340. The dictum in that case that ticket contracts like the one involved here are void as against public policy, has not been accepted by later Massachusetts courts. French v. Merchants & Miners Transportation Co., 1908, 199 Mass. 433, 85 N.E. 424, 19 L. R.A.,N.S., 1006; Henderson v. Canadian Pacific Railway Co., 1927, 258 Mass. 372, 155 N.E. 1; O'Flaherty v. Cunard Steamship Co.,. Ltd., 1933, 281 Mass. 447, 183 N.E. 712; Kergald v. Armstrong Express Co., 1953, 330 Mass. 254, 113 N.E. 2d 53.

The defendant's motion for summary judgment is granted.