*Western District*
#164774 #169366
## OKUN FURNITURE CO., INC.
### v.
## WALTER MEISSNER

## WALTER MEISSNER
### v.
## OKUN FURNITURE CO., INC.

Argued: December 7, 1966
Decided: February 20, 1967

*Present*: Garvey, P. J.; Moore, and Allen, J.

Tried to: *Sloan, J.* in the District Court of Springfield No. 164774

*Garvey, P. J.* The action by Okun Furniture Co. Inc., (Okun) alleges a breach of contract by the defendant Meissner. There was a finding for the defendant. Meissner in his action against Okun, commenced as a small claims case and removed to the regular civil docket, sought recovery of a $100.00 deposit. There was a finding for the plaintiff. Okun claimed a report in each case.

*The reported evidence shows that* Meissner, on July 12, 1961, agreed to purchase a washer and dryer from Okun at which time he gave him a check for $100.00 and received a sales slip which stated that the sale was C.O.D. The next day a man at Okun's telephoned Meissner's wife stating he was sorry that it did not have the dryer that was ordered in stock but could deliver another one which she agreed to accept. The man telephoned the following day stating it had no dryer to match (presumably the washer)

but had a better one she could have for the same price. Again she accepted, but called back inquiring as to the height of the substituted units. On being told they were forty-four inches instead of forty-two inches said she would not accept them and requested the return of the deposit. On being told she had to accept them and that Okun refused to return the deposit she said she was going to the bank to stop payment on the check. Upon going to the bank she learned that the check had been certified by Okun. She then offered to pay Okun $25.00 to settle the mater. Okun refused this offer demanding the payment of $68.00. To avoid this loss she told Okun to proceed with the delivery.

The washer and dryer were then sent by truck to Meissner's home but before removing them from the truck an employee of Okun's demanded payment of the balance due by cash or certified check, neither of which Mrs. Meissner had. She tendered her personal check for the amount due which was refused, whereupon the truck with the merchandise returned to Okun.

The principle assertion of Okun is that Meissner breached his contract by not being ready to pay cash for the merchandise when the truck arrived at his home. We do not agree. There was no evidence that Meissner when given the sales slip after the original negotiations was aware that it contained a provision that the sale was C.O.D. or that he agreed to bound by it. *Cf. Kergald* v. *Armstrong Transfer*

*Express Company,* 330 *Mass.* 254. *Atlantic Steel and Iron Company* v. *Pifer,* 12 *Mass. App Dec.* 1.

 In any event this agreement was cancelled by Okun's failure to deliver the items originally ordered, which it must have known when it agreed to sell it did not have in stock.

 All subsequent negotiations were conducted by Okun and Meissner's wife and there is no evidence reported that she agreed on behalf of her husband to pay cash on delivery, assuming that leaving the merchandise on the truck could be construed as delivery.

 The evidence warranted the finding that the breach of contract was caused solely by Okun's attempt to "over-reach" Meissner and impose upon him conditions to which he had not agreed. The action of the judge on the numerous requests for rulings of law filed by Okun in both cases does not merit discussion. *Cadigan* v. *Strand Garage, Inc.,* 351 Mass. 703. His rulings were correct in our opinion.

**Both reports are to be dismissed.**

Louis A. Kerlinsky

of Springfield for Okun

Salvatore J. Scibelli

of Springfield for Meissner