**Max GELLER and Anne Geller, Plaintiffs,**

**v.**

**HOLLAND–AMERICA LINE, Defendant.**

United States District Court
S. D. New York.
May 15, 1961.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for plaintiffs.

Burlingham, Hupper & Kennedy, New York City, for defendant.

CASHIN, District Judge.

This is a motion by defendant for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A. The action is one for personal injuries sustained by plaintiff, Anne Geller, on December 17, 1958 while she and her husband were passengers on defendant's vessel "STATENDAM". Max Geller, her husband, is suing for medical expenses and loss of services.

Defendant alleges that plaintiffs' claims are time-barred by the one year limitation provision in their passage contract. There seems to be no dispute over the fact that this suit was instituted over 18 months after the alleged accident occurred. Nor is there any dispute that plaintiff, Anne Geller, received the ticket for the cruise from Levine's Ellenville Agency at least one week before the cruise began. This ticket consisted of 25 paragraphs in small print, entitled "Terms of Passage Contract" and a "box" which contained the names of the passengers, their address, the amount of the fare, the type of accommodations and

where the vessel was departing from. This "box" was entitled "Cruise Pássage Contract" and also contained the legend "Subject to the TERMS OF PASSAGE CONTRACT printed on the face hereof and continued overleaf, which terms are made a part of this contract." Beneath this legend is the date and place issued and a place for the signature of the issuing agent, which was both typed in and signed.

Defendant relies on paragraph 12 of the ticket, or Cruise Passage Contract, which states:

"Notwithstanding other limitation by law or that the Line may be a foreign corporation or a non-resident, no suit shall be maintainable in any jurisdiction nor shall the Line or the vessel or any of their agents or employees be liable for delay, loss of or damage or injury to person or baggage or other property, death, assault, or any claim whatsoever, unless written notice of claim shall be delivered to the Line within 30 days after the claim arose and suit is commenced not later than 6 months after the claim arose; provided, however, that in any case where section 4283–A of the United States Revised Statutes shall apply, no suit shall be maintainable for loss of life or bodily injury unless written notice of claim be delivered to the Line not later than 6 months and suit is commenced not later than 1 year, computed from the day when such death or injury occurred."

Plaintiffs claim that they never read the ticket because all the information which they were interested in was contained on the envelope which contained the tickets. However, defendant does not have to prove that plaintiffs actually read the ticket. The law is well settled in this circuit that—

" * * * stipulations affecting the carrier's liability must *either* be brought to the knowledge of the passenger *or* must be incorporated, at least by reference, into the very body of the contract, * * *." The Kungsholm (2 Cir. 1936) 86 F.2d 703, 704. (Emphasis supplied).

It is clear that in this case the one year limitation was part of the Passage Contract. Foster v. Cunard White Star, Limited, 121 F.2d 12 (2 Cir. 1941).

Plaintiffs rely on Azrak v. Panama Canal Co., 117 F.Supp. 334 (S.D.N.Y. 1953), Maibrunn v. Hamburg-American S.S. Co., 77 F.2d 304 (2 Cir. 1935) and McCaffrey v. Cunard Steamship Company, 139 F.Supp. 472 (S.D.N.Y.1955) to support their contention that the terms of the contract, absent consent and knowledge, are not binding on the plaintiffs. These cases are, however, clearly distinguishable from the instant case. In the Azrak case there were no allegations as to who bought the ticket, who accepted it or how that particular plaintiff had become a passenger aboard the vessel. Moreover, the ticket appeared to be signed by some person whose identity and relationship, if any, to the plaintiff was not explained. However, in the instant case it is clear that plaintiffs had the ticket in their possession at least one week before boarding the vessel. The law is clear that the passenger who has the ticket in his possession and fails to read it takes the risk of such omission. Foster v. Cunard White Star, Limited, supra; Lewitsky v. Matson Navigation Company, 134 F.Supp. 441 (S.D.N.Y. 1955). The Maibrunn and McCaffrey cases turn on the form of the ticket. As was said above, in the instant case there is no doubt that the one year limitation provision was incorporated by an explicit reference into the body of the contract.

Accordingly, defendant's motion for summary judgment is granted.

It is so ordered.