Mary A. SCHWARTZ, as Executrix under the Last Will and Testament of Samuel H. Schwartz, Deceased, Libelant,

v.

S.S. NASSAU, her engines, etc., and against
Incres Steamship Company, Ltd., Respondent.

United States District Court
S. D. New York.
Sept. 18, 1963.

Henry Wimpfheimer, New York City, for libelant.

Kirlin, Campbell & Keating, New York City, Dermott F. Ryan, Daniel J. Dougherty, New York City, of counsel, for respondent.

BONSAL, District Judge.

This is a wrongful death action brought in admiralty under the Death on the High Seas Act (46 U.S.C. § 761 et seq.). Libelant is the widow and executrix of the decedent, Dr. Samuel H. Schwartz. Respondent, Incres Steamship Company, is the owner of the SS NASSAU. On May 7, 1960, while decedent

and libelant were passengers aboard the SS NASSAU on a cruise from New York to Nassau, Dr. Schwartz became ill. He died the following day after having been removed from the ship to a hospital in North Carolina. Libelant was appointed as her husband's executrix on May 20, 1960. The libel was filed on May 3, 1962.

Respondent moves under Admiralty Rule 58 for summary judgment in its favor upon a limitations clause contained in paragraph 13 of the ticket contract. Libelant moves under Admiralty Rule 27 to strike the defense based upon that clause.

The limitations clause in paragraph 13 of the ticket contract is as follows:

"Suit to recover on any claim shall not be maintainable unless commenced and process served * * within one (1) year from the date when the death or injury occurred in respect of any claim for loss of life or bodily injury in any case where * * * Section 4283A shall apply;"

Section 4283A (46 U.S.C. § 183b) provides:

"Stipulations limiting time for filing claims and commencing suit

"(a) It shall be unlawful for the manager, agent, master, or owner of any sea-going vessel * * * transporting passengers * * * from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period * * * for the institution of suits on * * * claims [for loss of life or bodily injury], than one year, such period for institution of suits to be computed from the day when the death or injury occurred.

*       *       *       *       *       *

"(c) * * * if the action is one for wrongful death, any lawful limitation of time prescribed in such contract shall not be applicable so long as no legal representative has been appointed for * * * decedent's estate, but shall be applicable from the date of the appointment of such legal representative * * *."

Respondent contends the limitations clause in paragraph 13 bars the maintenance of this action. Libelant argues that the requirement in the limitations clause that process be served within one year, shortens the time for the commencement of the action to less than one year, and that for this reason the limitations clause is unlawful in its entirety under § 4283A, relying on Barrette v. Home Lines, Inc., 168 F.Supp. 141 (S.D.N.Y.1958). In Barrette the Court granted plaintiff's motion to strike a defense based upon a limitations clause identical to that here involved.

While the limitations clause in paragraph 13 of the ticket contract makes no mention of a suspension of the statute of limitations between the time of death and the appointment of a legal representative for a decedent's estate, it does refer to § 4283A. Subsection (c) of § 4283A provides that any lawful limitation of time in the ticket contract shall be applicable from the date of the appointment of the legal representative.

It is true, as pointed out in Barrette, that under the federal practice an action is commenced by the filing of the libel or complaint. Admiralty Rule 1; Batkiewicz v. Seas Shipping Co., 54 F.Supp. 789 (S.D.N.Y.1944); Barrette, 168 F.Supp. at 142. The rule is otherwise in the State of New York where an action is commenced by the service of process (C.P.A. § 218—now CPLR §§ 304, 203(b)).

■■■ It was doubtless inartistic for the drafter of the limitations clause in paragraph 13 to confuse the two. The Court is not prepared to say that because he did so the entire clause is invalid. On the contrary, under subsection (c) of § 4283A the Court finds that the provision in the ticket contract is lawful to the extent that it provides that "suit to recover on any claim shall not be maintainable unless commenced * * * within one year from the date when the death or injury occurred", and that the period so provided was extended by subsection (c) to one year after the date of

the appointment of the libelant as executrix. This action was not commenced within that one year period, and hence is barred by the limitations clause.

Barrette is distinguishable in that it did not involve subsection (c). Here the time within which to bring suit was extended by statute pending the appointment of the executrix. Nevertheless, libelant is almost a year late in bringing her action. The court in Barrette found that the provisions restricting institution of suit and service of process were too closely related to be severed and hence that the entire clause was invalid, but on the facts of this case, the Court holds otherwise.

Clearly had the action been instituted in this Court within one year, but the marshal had not effected service until after the expiration of the year, the defense of the limitation clause would fall. However, in failing to commence the action within one year of her appointment as executrix, libelant may not now claim that the "service of process" limitation in any way affected her position or tainted the entire limitation clause with illegality. See Abbasciano v. Home Lines Agency, Inc., 144 F.Supp. 235 (D.C.Mass. 1956), in which a limitations clause identical to that here involved was held, without discussion, to be not unreasonable under § 4283A. The Court construes the limitations clause to impose a one year period of limitation to bring suit, beginning on the date of libelant's appointment as executrix.

■ There can be no question that libelant is bound by the limitations clause, as so construed. There seems to be no dispute the ticket contract was issued to decedent by Caroli Travel Inc. in Plainfield, New Jersey, on April 25, 1960, and that the ticket contract remained in decedent's possession. The ticket contract is a printed form. Details of the passage, including the time and the place of the cruise, the name of the ship, the Schwartzes' names as passengers, the nature of their accommodations and the amount of the fare, are typed in a space provided for this information at the top of the form. The printed terms and conditions of the contract appear beneath this information and on the reverse of the form. Paragraph 13, containing the limitations clause, is set forth on the reverse of the form. Libelant testified at her deposition in this action that she did not read the ticket contract, and respondent does not dispute this. Respondent correctly maintains that it is unnecessary for libelant to have read the contract. The limitations clause is binding upon libelant because it was set forth as part of the ticket contract and because the contract was retained in decedent's possession. Geller v. Holland-America Line, 201 F.Supp. 508 (S.D.N.Y.1961), aff'd, per curiam, 298 F.2d 618 (2d Cir.), cert. denied, 370 U.S. 909, 82 S.Ct. 1256, 8 L.Ed.2d 403 (1962). In Geller plaintiffs were husband and wife. The wife had purchased the ticket. She sued for personal injuries and her husband sued for medical expenses and loss of services. On defendant's motion for summary judgment, the limitations clause in the contract was held to bar the claims of both the husband and the wife. No point was made of who purchased the ticket or whether it was the husband or the wife who retained possession of the ticket. Nor did it matter that plaintiffs had not read the ticket contract or that the ticket contract was collected by defendant as plaintiffs boarded the ship. It was enough that plaintiffs had the ticket contract in their possession, Geller, supra, 201 F.Supp. at 509, and that the limitations clause was set forth in the contract. Geller makes clear, and indeed libelant does not contend otherwise, that libelant is bound by the terms of the ticket contract, including the limitations clause.

It will be noted in passing that libelant was aware of her rights and retained an attorney who wrote a claim letter to respondent on April 21, 1961, within the one year period of limitation following libelant's appointment as executrix. Yet libelant's action was not commenced until May 3, 1962, over a year later and well after the limitations period had expired.

Respondent's motion for summary judgment on its statute of limitations defense is granted. Libelant's motion to strike respondent's third defense is denied.

Settle order on notice.