**Mary LOWE and Edsel Lowe, her husband, Plaintiffs,**

v.

**AIR JAMAICA, LIMITED and Regency Maritime Corp., Defendants.**

No.  89–2671–CIV.

United States District Court, S.D. Florida.

May 29, 1990.

Murray P. Yanks, Miami, Fla., for plaintiffs.

Mark P. Dikeman, Stearns Weaver Miller, Weissler Alhadeff & Sitterson, P.A., Miami, Fla., for defendants.

MARCUS, District Judge.

THIS CAUSE comes before the court upon Defendants' Motion for Summary Judgment filed January 5, 1990. Defendants seek Summary Judgment on Plaintiffs' Complaint for negligence and loss of consortium. Plaintiffs do not contradict Defendants' statement of uncontroverted facts nor do they raise any material facts in dispute. The parties agree that the issue presented by Defendants is a question of law properly decided on a motion for Summary Judgment.

### I. *Factual Background*

Plaintiff, Mary Lowe, was a passenger aboard the M/V Regent Star on or about September 13, 1987. Each passenger who boarded the M/V Regent Star on or about September 13, 1987 was issued and received a ticket before boarding the vessel containing a Contract of Passage. On the face of the ticket there plainly appeared a warning that the ticket was subject to certain terms and conditions. As one of the terms and conditions, under the heading "TIME LIMITATIONS: NOTICE OF CLAIMS AND TIME TO SUE," the Contract of Passage provided:

> The carrier or vessel shall not be liable for any claim whatsoever (including claims for bodily injury or death) of, or with respect to, a passenger or his baggage, or personal property, unless such claim is made in writing and lodged with the carrier in care of REGENCY CRUISES INC., at 260 Madison Avenue, New York, NY 10016, within six (6) months after such claim arose; and the failure to make and lodge as above provided shall bar all suits, actions and claims no matter by whom instituted or made. Suits and actions to recover for claims shall not be maintainable unless instituted within one year of the date of their accrual; these limitations shall be applicable although the carrier be a non-resident or foreign corporation, and even though the vessel be registered under a foreign flag. The requirement of this clause can be waived only by express written agreement of a director of the carrier having authority in the premises. The foregoing limitations shall be applicable both to suits brought in personam against the carrier or in rem against the vessel.

The Contract of Passage also provided:

> Statutory Limitations on Liability of Carrier. The carrier shall be entitled to all limitations of and exemptions from liability provided in or authorized by any statutes, including section 4281 to 4286, inclusive and 4289 of the revised statutes of the United States (title 46 U.S.Code sections 181–186, 188) and all amendments. This will apply notwithstanding any other limitation by law and/or that the carrier may be a foreign corporation or non-resident in the United States.

Terms and Conditions of Passage Contract, Paragraph 3(c).

Plaintiffs' Complaint alleges that the injuries which gave rise to the instant action occurred on or about September 17, 1987. Plaintiff failed to notify the carrier in writing of her claim within six (6) months from

the day the alleged cause of action occurred. Furthermore, Plaintiff filed suit on September 15, 1989, well past the applicable one-year limitations period. In addition, the claim of Edsel Brown against Defendants is a derivative claim for loss of consortium.

## II. *Summary Judgment*

The standard to be applied in reviewing a summary judgment motion is stated unambiguously in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

It may be entered only where there is *no* genuine issue of material fact. Moreover, the moving party has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

In applying this standard, the Eleventh Circuit recently explained:

> In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608; [*Environmental Defense Fund v.*] *Marsh*, 651 F.2d [983] at 991 [ (5th Cir.1981) ]. All reasonable doubts about the facts should be resolved in favor of the non-movant. *Casey Enterprises v. Am. Hardware Mutual Ins. Co.*, 655 F.2d 598, 602 (5th Cir.1981). If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Marsh*, 651 F.2d at 991; *Lighting Fixture & Elec. Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir.1969). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co.*, 420 F.2d at 1213. If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *Impossible Electronics [Techniques, Inc. v. Wackenhut Protective Systems, Inc.,]* 669 F.2d [1026] at 1031 [ (5th Cir.1982) ]; *Croley v. Matson Navigation Co.*, 434 F.2d 73, 75 (5th Cir.1970).

Moreover, the party opposing a motion for summary judgment need not respond to it with any affidavits or other evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. at 160, 90 S.Ct. at 1609–10; *Marsh*, 651 F.2d at 991. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611–12 (5th Cir.1967). *See Dalke v. Upjohn Co.*, 555 F.2d 245, 248–49 (9th Cir.1977).

*Clemons v. Dougherty County, Ga.*, 684 F.2d 1365, 1368–69 (11th Cir.1982); *see also Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1502 (11th Cir.1985), *cert. denied*, 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912 (1986).

The United States Supreme Court has recently provided significant additional guidance as to the evidentiary standard which trial courts should apply in ruling on a motion for summary judgment:

> [The summary judgment] standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Brady v. Southern R. Co.*, 320 U.S. 476, 479–80, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943).

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The Court in *Anderson* further stated that "[t]he mere existence of a scintilla of evidence in support of the position

will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* 106 S.Ct. at 2512. In determining whether this evidentiary threshold has been met, the trial court "must view the evidence presented through the prism of the substantive evidentiary burden" applicable to the particular cause of action before it. *Id.* at 2513. If the non-movant in a summary judgment action fails to adduce evidence which would be sufficient, when viewed in a light most favorable to the non-movant, to support a jury finding for the non-movant, summary judgment may be granted. *Id.*

In another recent case, the Supreme Court has declared that a non-moving party's failure to prove an essential element of a claim renders all factual disputes as to that claim immaterial and requires the granting of summary judgment:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will *bear* the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) (emphasis added).

In the instant case, Defendants contend that Plaintiffs' claims are barred by their failure to comply with the terms of the Passage Contract Ticket since Plaintiffs did not bring suit against Defendants within the one year time specified therein. Defendants note that Plaintiffs' Complaint alleges that Plaintiff, Mary Lowe, was injured on September 13, 1987, when she slipped and fell, and that Plaintiffs did not file suit until September 15, 1989, over two years later. Defendants argue that federal maritime law is controlling and that accordingly Section 183b of Title 46 of the United States Code permits owners, carriers, operators and agents of seagoing vessels to limit their liability for personal injury by including time limitations in their passage contracts. In addition, Defendants argue that courts have consistently upheld provisions shortening the statute of limitations, when the provisions are properly set forth in the passage contract as, Defendants claim, they are in the particular ticket here.

Plaintiffs do not dispute that federal law is applicable or that Section 183b of Title 46 allows owners, operators, and agents to limit their liability to suits brought within one year of the occurrence of events giving rise to the cause of action.[1] Plaintiffs argue, however, that since Section 183b favors the carriers because it restricts the time available for passengers to seek legal recourse, the courts have been reluctant to enforce such provisions unless the carrier has made a reasonable effort to warn passengers of the notice and filing limitations.

---

1. 46 U.S.C. § 183b provides, in pertinent part: (a) It shall be unlawful for the manager, agent, master, or owner of any sea-going vessel (other than tugs, barges, fishing vessels and their tenders) transporting passengers or merchandise or property from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred.

(b) Failure to give such notice, where lawfully prescribed in such contract, shall not bar any such claim—
(1) If the owner or master of the vessel or his agent had knowledge of the injury, damage, or loss and the court determines that the owner has not been prejudiced by the failure to give such notice; nor
(2) If the court excuses such failure on the ground that for some satisfactory reason such notice could not be given; nor
(3) Unless objection to such failure is raised by the owner.

Plaintiffs maintain that Defendants' ticket fails to meet the test of "reasonable communicativeness" as set out by the courts: i.e., the ticket must (1) contain conspicuous language; (2) apprise the passengers that the contractual periods of limitations exists; (3) and inform the passengers of the importance of those limitations. Plaintiffs challenge only the conspicuousness of the limitation provisions within the ticket. Plaintiffs point to the fact that the limitations are set forth on the last page of the ticket; that the limitations are in fine print rather than in bold type; and that the limitations are not "eye-catching" because they are not in a different color.

■ We agree that 46 U.S.C.App. § 183b allows seagoing carriers such as Defendants to limit their liability to suits filed within one year of the occurrence of events giving rise to the action. *Miller v. Lykes Brothers Steamship Co., Inc.,* 467 F.2d 464 (5th Cir.1972); *DeNicola v. Cunard Line Limited,* 642 F.2d 5 (1st Cir.1981). In determining whether a contract of passage has properly incorporated a restriction on the period for the bringing of actions, the Court in *Miller* fully concurred with the conclusions of the Second Circuit in *Silvestri v. Italia Societa per Azioni di Navigazione:* " '[T]he thread that runs implicitly through the cases sustaining incorporation is that the steamship line had done all it reasonably could to warn the passenger that the terms and conditions were important matters of contract affecting his legal rights.' " *Miller,* 467 F.2d at 466 *citing Silvestri v. Italia Societa per Azioni di Navigazione,* 388 F.2d 11 (2d Cir.1968). With reference to *Silvestri,* the Fifth Circuit stated: "the Second Circuit arguably meant that restrictions on form tickets, including restrictions concededly a part of the contract, are binding only if the carrier warns the passenger of their importance as well as of their existence." *Miller,* 467 F.2d at 466.

■ We are satisfied that the contract of passage at issue in the case at bar reasonably and in a conspicuous manner warns passengers that the contract's terms and conditions, the time limitations for bringing suit included, were important matters of contract affecting the passenger's legal rights. The ticket issued to Plaintiffs included three copies of the cover page, all identical except for the following designations: one "Accounting Copy," one "Agent Copy," and one "Passage Contract." At the bottom of the cover and each of the copies, there appears a notice, in the same size type as other headings and in the center at the bottom: "ISSUED SUBJECT TO TERMS & CONDITIONS PRINTED ON PAGES 1, 2, 3, 4, 5, & 6 OF THIS CONTRACT WHICH FORM PART THEREOF." There is an additional copy designated as "Passenger's Copy" which contains the provision: **"IMPORTANT NOTICE"** in bold type at the bottom left and immediately underneath:

> READ BEFORE ACCEPTING: please read carefully the terms of this ticket contract beginning at page 1 and continuing through page 6. The terms are an integral part of the contract between passengers and the carrier. In accepting this contract you agree to the terms. Attention is particularly drawn to the carrier's right to exemption and limitation of liability and the passengers attention is further directed to Clause 5 which sets forth limitation periods in which notification of claim is to be made and suit commenced.

Furthermore, on page 2 of the ticket at the top center appears the heading "**TERMS AND CONDITIONS OF PASSAGE CONTRACT,**" underlined, bolded, and in capital letters, and at the top of the first paragraph it states: "READ BEFORE ACCEPTING." Following are six clauses containing the terms and conditions of the contract in smaller but legible print. Clause 5 contains the "**TIME LIMITATIONS: NOTICE OF CLAIMS AND TIME TO SUE**" which limits suits and actions to recover for claims against the carrier to a period of one year within the date of their accrual. In our view, the ticket in question gives passengers abundant, conspicuous notice of the importance as well as the existence of contractual restrictions and in particular of the time to sue limitations. We also note that Plain-

tiffs have not argued or even alleged that they lacked knowledge of the relevant contractual limitations. Consequently, we find that the one year time limitation for bringing suit is part of the Passage Contract and is binding on the parties. Accordingly, it is

ORDERED AND ADJUDGED that Defendants' Motion for Final Summary Judgment is GRANTED.

DONE AND ORDERED.