751 A.2d 138 (2000)
331 N.J. Super. 86
Nicolette MIRRA, Plaintiff-Appellant,
v.
HOLLAND AMERICA LINE, Holland America Line-Westours, Inc.,[1] Defendants-Respondents.
Cruisin, Inc.Cruise Only Travel Professionals, Defendant.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 2000
Decided May 19, 2000
James F. Crawford, Tenafly, for plaintiff-appellant.
Nelson C. Johnson, Hammonton, for defendants-respondents (Mr. Johnson and Nancy A. Valentino, on the brief).
Before Judges CONLEY, BRAITHWAITE and COBURN.
The opinion of the court was delivered by BRAITHWAITE, J.A.D.
Plaintiff filed a complaint against defendants Holland America Line and Holland America Line-Westours, Inc. ("Holland") and Cruisin, Inc.Cruise Only Travel Professionals ("Cruisin") on April 1, 1998, seeking damages for breach of contract, breach of express and implied warranties, negligent infliction of emotional distress, negligent misrepresentation, and consumer fraud. On July 14, 1998, Holland filed an answer and asserted a crossclaim for indemnification against Cruisin. Holland claimed as separate defenses that: (1) there was no breach of contract; (2) plaintiff's claim was time-barred by the terms of the contract between Holland and plaintiff; (3) Holland did not engage in fraudulent conduct; (4) plaintiff's claim was barred by estoppel; and (5) plaintiff's claim was barred by the doctrine of waiver.
On July 16, 1998, Holland presented an offer of judgment for $1,500 plus costs. The offer was not accepted. On September *139 21, 1998, Holland filed a notice of motion to dismiss, asserting that plaintiff's claim was time-barred by contract, and by N.J.S.A. 12A:2-725, a statute of limitations provision of the Uniform Commercial Code that applies to contracts for the sale of goods. Plaintiff cross-moved to dismiss Holland's motion. On October 9, 1998, the motion judge granted Holland's motion to dismiss based on the defense that plaintiff's claim was time-barred and denied plaintiff's cross-motion. A memorandum of decision accompanied the order.
On October 28, 1998, plaintiff filed a motion for reconsideration, which was denied by the motion judge on November 20, 1998. At some point thereafter, plaintiff settled her complaint against Cruisin. On May 6, 1999, this appeal followed.

I
For purposes of this appeal, the facts are not in dispute. In 1996, plaintiff purchased a seven-day Alaskan cruise package from defendant Cruisin. The cruise took place from August 1 to August 8, 1996, on a Holland ship named the ms Nieuw Amsterdam. The accommodations on the ship were not what was described in Holland's brochure, and were not to plaintiff's satisfaction. Holland's advertisements described the cabin that plaintiff reserved as 219 square feet, with two twin beds, a rollaway bed, and a sitting area. The cabin that plaintiff actually received measured only 100 square feet, had the wrong size bed, and no appreciable sitting space. Plaintiff complained to guest relations, but because the cruise was booked to capacity, she was unable to change her quarters.
Before leaving home for the cruise, plaintiff received her ticket from Holland. The ticket was the contract between the parties. The ticket contained a paragraph, in large print, that informed plaintiff that any claims against Holland had to be brought to its attention within thirty days, and that any contract or negligence claim against Holland had to be commenced within 180 days. Despite this, plaintiff did not file suit until April 1998, almost two years after the cruise.

II
On appeal, plaintiff raises the following contentions:
POINT I
ANY CONTRACTUAL LIMITATION IS IRRELEVANT TO THE ISSUE BEFORE THE COURT INASMUCH AS THIS CLAIM IS CONTROLLED BY STATUTORY PERIODS OF LIMITATIONS.
POINT II

N.J.S.A. 12A:2-725 MAY NOT BE APPLIED AS AGAINST THE PLAINTIFF BECAUSE THE ALLEGED CONTRACT DOES NOT COMPLY WITH THE REQUIREMENT THAT THE CONTRACT BE SIGNED BY THE PLAINTIFF.
POINT III
THE FEDERAL STATUTE CITED BY THE LAW DIVISION IN ITS OPINION OF 11-20-98 IS NOT APPLICABLE TO THIS CASE.
POINT IV
THE ALLEGED TIME LIMITATION IN QUESTION DOES NOT CONFORM TO NEW JERSEY'S EXISTING LAW, IS UNCONSCIONABLE AND UNENFORCEABLE.
POINT V
THE ALLEGATIONS OF THE PLAINTIFF[] WITH RESPECT TO NEGLIGENCE AND CONSUMER FRAUD ARE NOT GOVERNED BY ALLEGED CONTRACTUAL LIMITATIONS.
We have carefully reviewed the record and, in light of applicable law, conclude that plaintiff's contentions are clearly without merit with the exception of point three. See R. 2:11-3(e)(1)(E). We agree with plaintiff that 46 U.S.C.A.App. § 183b does not apply here. Nevertheless, we conclude that although it does not apply, its misapplication affords plaintiff no relief.
*140 Plaintiff urges that because her claim is governed by the New Jersey statute of limitations, N.J.S.A. 2A:14-1, the parties could not contract for a more limited filing period. Plaintiff argues that N.J.S.A. 2A:14-1 is a statute that specifically bars contractual time limitations to filing suit. Plaintiff misreads the statute. N.J.S.A. 2A:14-1 sets forth the statute of limitations in New Jersey, but does not prohibit parties to a contract from stipulating to a shorter time period. Plaintiff argues that the Consumer Fraud Act, N.J.S.A. 56:8-1 to -91, which applies to some of her claims, also bars the contractual time limitation. However, the statute of limitations that applies to consumer fraud claims is the same six-year general limitation contained in N.J.S.A. 2A:14-1. Neither of these statutes specifically bars parties from contracting to a shorter time period.
Generally, "[c]ontract provisions limiting the time parties may bring suit have been held to be enforceable, if reasonable." Eagle Fire Protection Corp. v. First Indem. of Am. Ins. Co., 145 N.J. 345, 354, 678 A.2d 699 (1996) (citations omitted). Such provisions are accepted by the courts as long as they do not violate public policy. A.J. Tenwood Assoc. v. Orange Senior Citizens Housing Co., 200 N.J.Super. 515, 523-24, 491 A.2d 1280 (App.Div.), certif. denied, 101 N.J. 325, 501 A.2d 976 (1985).
The issue is thus whether the contractual limitation in this case was reasonable. This court has reached the issue of passage contracts in the past. In Schroeder v. Holland-America Cruises, 171 N.J.Super. 584, 585, 410 A.2d 281 (App.Div.1980), we upheld the time limitation for filing suit contained in a passage contract. In a brief opinion, we relied on Geller v. Holland-America Line, 201 F.Supp. 508 (S.D.N.Y. 1961), aff'd, 298 F.2d 618 (2nd Cir.), cert. denied, 370 U.S. 909, 82 S.Ct. 1256, 8 L.Ed.2d 403 (1962), for support. The Geller court held that where plaintiff received her ticket in advance and failed to read the terms of the passage contract, she was nonetheless bound by the terms of the contract. 201 F.Supp. at 509.
More recently, the federal courts have similarly found that to be upheld, these passenger contracts must not be unreasonable or fundamentally unfair. Dempsey v. Norwegian Cruise Line, 972 F.2d 998, 999 (9th Cir.1992); cf. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-95, 111 S.Ct. 1522, 1527-28, 113 L.Ed.2d 622, 631-33 (1991) (holding that courts must examine forum selection provisions in passenger contracts to determine whether they are unreasonable or fundamentally unfair). Further, where the terms of the contract are reasonably communicated, the contract will be upheld. See Spataro v. Kloster Cruise, Ltd., 894 F.2d 44, 46 (2nd Cir.1990); see also Lowe v. Air Jamaica, Ltd., 755 F.Supp. 1013, 1017 (S.D.Fla.1990) (finding that contractual terms in a passage contract are binding if conspicuously displayed). Here, Holland provided the ticket to plaintiff in advance, and the terms in question were conspicuously displayed on the ticket. Plaintiff does not dispute that she received the ticket in advance and that it reported the terms of the contract.
We cannot conclude on this record that the terms of the contract were unreasonable or fundamentally unfair. We are also satisfied that the Uniform Commercial Code Statute of Limitations, found in N.J.S.A. 12A:2-725, is inapplicable to this case. The purchase and sale of a cruise is a service contract, and not the sale of "goods." See N.J.S.A. 12A:2-105. We therefore conclude that the motion judge properly dismissed plaintiff's complaint.
Affirmed.
NOTES
[1] Incorrectly designated below as "Holland American Line Westours, Inc."