**Ahlam KHALIL, M.D., Appellant**

v.

**OTTO BOCK ORTHOPADISCHE IN-DUSTRIE GmbH & CO. OF THE FEDERAL REPUBLIC OF GERMANY; Otto Bock Orthopedic Industry, Inc., its wholly owned U.S. subsidiary in Minneapolis, Minnesota**

No. 01–1335.

United States Court of Appeals, Third Circuit.

Argued Sept. 26, 2001.

Filed June 24, 2002.

Gerald C. Fallon (Argued), Sonageri & Fallon, Hackensack, NJ, for Appellant.

Edward J. McBride, Jr. (Argued), Schnader, Harrison, Segal & Lewis, Cherry Hill, NJ, for Appellee.

Before ROTH, AMBRO and FUENTES, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Alleging violations of New Jersey's products liability and consumer protection statutes, Dr. Ahlam Khalil brought a diversity action against Otto Bock Orthopadische Industrie GmbH & Co. ("Otto Bock Germany") and Otto Bock Orthopedic Industry, Inc. ("Otto Bock Minnesota") in the United States District Court for the District of New Jersey. On November 16, 2000, the Court dismissed with prejudice her claims against Otto Bock Minnesota under Federal Rule of Civil Procedure 12(b)(6). On January 9, 2001, the Court dismissed with prejudice Khalil's claims against Otto Bock Germany for lack of personal jurisdiction. Khalil appeals from the order of January 9, 2001.

The only issue we need discuss is whether we have jurisdiction under 28 U.S.C. § 1291 to hear Khalil's appeal. An order is not final unless it disposes of all remaining claims between the parties. The order of January 9, 2001, disposed of Khalil's remaining claims, but did so without prejudice. An order dismissing a claim without prejudice is not appealable unless the plaintiff either cannot amend her complaint (*e.g.*, because the statute of limitations has run) or declares that she will stand on her complaint. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 172 (3d Cir.

2000); *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 278 (3d Cir.1992); *Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976). Khalil does not maintain that she is unable to amend her complaint, nor could she—the last instance of alleged misconduct underlying her claims occurred in 1999, and the statute of limitations for claims under the New Jersey Consumer Fraud Act is six years. *Mirra v. Holland America Line*, 331 N.J.Super. 86, 751 A.2d 138, 140 (N.J.Super.Ct.App.Div.2000). Khalil did not declare before the District Court or in the briefs she submitted to our Court that she would stand on her complaint. We would nevertheless have a final order if her counsel "stated unequivocally" at oral argument that she would stand on her complaint. *See Remick v. Manfredy*, 238 F.3d 248, 254 (3d Cir.2001). But counsel did not, despite our asking him several times whether he wished to do so. Therefore, the District Court's dismissal of Khalil's complaint is not a final order, and we thus lack jurisdiction to hear Khalil's appeal.[1]

---

1. We note, however, that no party has sought the entry of a final judgment against Otto Bock Minnesota under Federal Rule of Civil Procedure 54(b).