

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-26-2004

# Khalil v. Otto Bock

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2949

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Khalil v. Otto Bock" (2004). *2004 Decisions.* Paper 385.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/385

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-2949

———————

AHLAM KHALIL, M.D.,

Appellant

v.

OTTO BOCK ORTHOPADISCHE INDUSTRIE GMBH & CO.
OF THE FEDERAL REPUBLIC OF GERMANY;
OTTO BOCK ORTHOPEDIC INDUSTRY, INC.,
its wholly owned U.S. subsidiary in Minneapolis, Minnesota

————————————

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 00-cv-00801
(Honorable John W. Bissell, Chief Judge)

———————

Argued April 20, 2004

Before: SCIRICA, *Chief Judge*, GARTH and BRIGHT[*], *Circuit Judges*

(Filed: August 26, 2004)

———————

[*]The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Judicial
Circuit, sitting by designation.

JASON A. DARIA, ESQUIRE (ARGUED)
Litvin Blumberg Matusow & Young
The Widener Building, 18th Floor
1339 Chestnut Street
Philadelphia, Pennsylvania 19107
        Attorney for Appellant

EDWARD J. McBRIDE JR., ESQUIRE (ARGUED)
Schnader Harrison Segal & Lewis LLP
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002-1165
        Attorney for Appellees

---

OPINION OF THE COURT

---

PER CURIAM.

Ahlam Khalil, M.D., appeals the District Court's denial of her Federal Rule of Civil Procedure 60(b) motion, motion for reconsideration, and for relief of the court's prior order dismissing her action against Otto Bock Orthopadische of Germany ("Otto Bock") for lack of *in personam* jurisdiction in the United States District Court for the District of New Jersey. Khalil requested that Court to reinstate her claims, and transfer her case to the United States District Court for the Eastern District of Pennsylvania. Khalil asserted product liability and misrepresentation claims and claims based on consumer protection laws against Otto Bock. The District Court of New Jersey denied her request, determining that the Eastern District of Pennsylvania did not have *in personam* jurisdiction to hear the case. As explained below, we determine that the

2

District Court abused its discretion in denying Khalil's Rule 60(b) motion and concluding that the District Court in the Eastern District of Pennsylvania did not have jurisdiction over the case. We decide that the issue of personal jurisdiction over Otto Bock in the Eastern District of Pennsylvania should in the first instance be made by that Court on transfer. Accordingly, we reverse and remand.

Because the parties are familiar with the background facts and procedural history of this case, we need not detail them here. It is sufficient to note that Khalil traveled to Otto Bock headquarters in Germany on several occasions regarding the purchase and fitting of a high-tech prosthetic leg to facilitate her ability to continue with her medical training. Due to problems with the prosthesis, Khalil severely injured her good leg and seeks compensation. Khalil initially filed her claims in the District Court for the District of New Jersey.

We review a district court's denial of a motion brought pursuant to Federal Rule of Civil Procedure 60(b) for the abuse of discretion. Penn West Assoc., Inc. v. Cohen, 371 F.3d 118, 124 (3d Cir. 2004). We may reverse a district court's denial of transfer, where a clear abuse of discretion exists, where the district court failed to consider all the relevant public and private interest factors. Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1225 (3d Cir. 1995).

In rejecting Khalil's motion for reconsideration and transfer, the District Court of New Jersey, among other things, faulted Khalil for not filing a protective action in the

3

Eastern District of Pennsylvania. However, this is not a requirement of filing suit to receive a transfer to another forum. 28 U.S.C. § 1404(a); see also Schwilm v. Holbrook, 661 F.2d 12, 16 n.5 (3d Cir. 1981) (noting § 1404(a) does not contain an election of remedies).

Further, the District Court also faulted Khalil for not establishing that Otto Bock would be subject to *in personam* jurisdiction in the Eastern District of Pennsylvania. We have previously explained that "a district court lacking personal jurisdiction can transfer a case to a district in which the case could have been brought originally." Gehling v. St. George's Sch. of Med., Ltd., 773 F.2d 539, 544 (3d Cir. 1985). The District Court erred in determining that another court did not possess *in personam* jurisdiction. The District Court did not provide Khalil with the opportunity to present any evidence that jurisdiction exists in the Eastern District of Pennsylvania. In addition, the Eastern District of Pennsylvania as a transfer court is in the better position to determine whether Otto Bock should be forced to defend Khalil's claims in Pennsylvania. Khalil should have the opportunity to present her case for personal jurisdiction in the transferee court.

The District Court also criticized Khalil for not making a transfer request earlier. However, the record reflects that at a hearing on December 4, 2000, in addressing jurisdiction in New Jersey, Khalil's counsel orally requested a transfer to another jurisdiction. (Appendix at 32). In addition, a general understanding appears to have existed between the Court and the parties that Khalil would be able to bring her Rule 60

4

motion after we decided her first appeal, <u>Khalil v. Otto Bock Orthopadische Industrie</u>, No. 01-1335 (3d Cir. June 24, 2002) (unpublished). (Appendix at 66). In addition, the transfer statute, 28 U.S.C. § 1404(a), does not include a time limitation for change of venue. <u>See</u> <u>Schwilm</u>, 661 F.2d at 16.

Because the District Court imposed improper reasons for denying Khalil's request to transfer, we hold that the District Court abused its discretion in denying her transfer motion on the ground of undue delay, interests of justice, and of the failure to anticipate jurisdictional defects. The prime issue here is whether *in personam* jurisdiction exists over Otto Bock in the District Court for the Eastern District of Pennsylvania. This question should be decided by that Court not by the District Court for the District of New Jersey. Accordingly, we REVERSE and REMAND to the District Court for the entry of an order transferring the case to the District Court in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).