

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2008

# Lunn v. Prudential Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2679

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lunn v. Prudential Ins Co" (2008). *2008 Decisions.* Paper 955.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/955

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-2679

———

WILLIAM H. LUNN, JR., individually and on
behalf of all others similar situated,
                                    Appellant

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-01074)
District Judge: Honorable Peter G. Sheridan

———

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2008

Before:  SLOVITER, BARRY and ROTH, Circuit Judges

(Filed June 30, 2008)

———

OPINION

SLOVITER, Circuit Judge.

William H. Lunn, Jr. ("Lunn") appeals the District Court's order denying his motion for class certification and granting Prudential Insurance Company of America's ("Prudential") motion to dismiss based on statute of limitations grounds.

**I.**

Lunn purchased a $25,000 life insurance policy ("Policy") from Prudential in 1971, when he was forty-five years old and a resident of New York.[1] The Policy required Lunn to pay a fixed annual premium of $847.50 until the age of ninety. The Policy provides, inter alia, a "Waiver of Premium Benefit" ("Waiver"), as follows:

> Upon receipt at the Home Office of due proof that the Insured has incurred total disability and that such disability has continued without interruption for at least 6 months during the Insured's lifetime, the Company will, subject to the provisions of this policy, waive the payment of each premium falling due during the uninterrupted continuance of such disability . . . .
>
> . . . .
>
> . . . No premium shall be waived under this Benefit unless total disability commences . . . on or before the Insured's 60th birthday.

App. at 345. Although Prudential did not separately charge insureds for the Waiver, Prudential concedes that the amount of premium attributable to the Waiver can be

---

[1]  Lunn currently is eighty-two years old and has been a resident of Florida since 2003.

calculated, and that in Lunn's case it was $23.25 per year.

After age sixty, a non-disabled policyholder can no longer take advantage of the Waiver, although the policy does not specify any reduction of the premium after age sixty. However, Lunn's Policy is "participating," App. at 355, which means that Prudential pays a discretionary annual dividend to each policyholder at the end of the policy year. For policyholders over sixty, Prudential issues a supplemental dividend equal to the premium associated with the Waiver; in Lunn's case, he received a supplemental dividend of $23.25 annually after 1986, when he turned sixty. Although Lunn was reimbursed for the amount of premium attributable to the Waiver, he claims that because Prudential receives the premium at the beginning of the year but does not reimburse the amount associated with the Waiver until the end of the year, it effectively uses Lunn and other insureds as a "stealth bank" by depriving them of the ability to earn interest on the $23.25 during the year. Appellant's Br. at 4. The District Court calculated Lunn's compensatory damages, based on a seven percent interest rate, to be $1.53 per year.

Lunn filed a class action complaint in the United States District Court for the District of New Jersey, asserting four counts against Prudential: violation of the New Jersey Consumer Fraud Act, breach of contract, fraud, and unjust enrichment. There was limited discovery which included the depositions of Lunn and of a Prudential representative. Prudential moved to dismiss the complaint or, in the alternative, for summary judgment, and Lunn moved for class certification. The District Court denied

3

Lunn's motion to certify the class and granted Prudential's motion to dismiss the action. Lunn has filed a timely appeal.

## II.

The statutes of limitations for fraud and breach of contract claims (the only claims Lunn expressly asserted in his appellate brief)[2] are six years under both New Jersey law, see N.J. Stat. Ann. § 2A:14-1; Azze v. Hanover Ins. Co., 765 A.2d 1093, 1097 (N.J. Super. Ct. App. Div. 2001), and New York law, see N.Y. C.P.L.R. § 213; both states allow the application of a discovery rule to postpone accrual of a claim, see Cetel v. Kirwan Fin. Group, Inc., 460 F.3d 494, 512-13 (3d Cir. 2006) (applying New Jersey law); N.Y. C.P.L.R. § 213(8).

Lunn's claim accrued in 1986 when he turned sixty and the Waiver expired. Lunn's complaint was not filed until 2004, eighteen years later. Obviously, the statute of limitations had expired. Lunn seeks relief alleging equitable tolling on the basis of fraudulent concealment and a continuing wrong. The District Court rejected his contention. It looked to Lunn's deposition testimony that he understood from discussions with Thomas Moore, Prudential's representative, that the annual premium would stay constant for the life of the Policy and that the Waiver ceased at age sixty. The Court concluded that this testimony "contradicts the interpretation of the policy language which

---

[2] The Consumer Fraud Act also has a six-year statute of limitations. See Mirra v. Holland Am. Line, 751 A.2d 138, 140 (N.J. Super. Ct. App. Div. 2000).

is asserted by plaintiff's attorney." App. at 21. The Court stated that this contradiction and the receipt of increased dividend amounts should have put Lunn on notice of a need to inquire into the possibility of a claim. Thus, the Court dismissed on statute of limitations grounds.

In reaching this conclusion, the District Court considered evidence outside the pleadings. The Federal Rules of Civil Procedure provide that if on a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (2007). The District Court erred by failing to convert the motion to dismiss to a motion for summary judgment and failing to provide "'notice of the conversion.'"[3] In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 288 (3d Cir. 1999) (citation omitted). The error would ordinarily require us to reverse unless the error was harmless. Id. at 289.

In this case, Lunn did not raise this issue on appeal. Lunn's brief contains a footnote discussing cases that require courts to look only at the face of the complaint on a Rule 12(b)(6) motion, but does not challenge the District Court's consideration of Lunn's deposition testimony on the motion. See Appellant's Br. at 26 n.10. We have stated that

---

[3] Although notice need not be express, we have recommended that district courts provide express notice because it "is easy to give and removes ambiguities." In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 288 n.11 (3d Cir. 1999).

5

"arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." John Wyeth & Brother Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076 n.6 (3d Cir. 1997). It follows that Lunn waived the argument that the District Court erred by failing to formally convert the motion to dismiss to a motion for summary judgment.

In any event, Lunn was clearly on notice that the District Court would look beyond the pleadings and could convert the motion to dismiss to a motion for summary judgment because Prudential characterizes its motion as one "for summary judgment, or alternatively, to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) . . . ." App. at 325. In Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996), we held that the plaintiff had adequate notice of the conversion of the defendants' motions to dismiss into summary judgment motions because two of the five motions to dismiss were framed in the alternative as motions for summary judgment. Moreover, Lunn had time to respond to Prudential's motion, and there is no evidence in the record that he objected to the submission of deposition testimony and other exhibits filed with the motion. Cf. at 579. We will thus apply the summary judgment standard to the District Court's order, which entails de novo review.

As we noted above, the District Court found that Lunn's testimony showed that the oral representations made by the Prudential representative contradicted Lunn's interpretation of the Policy language and that "[t]his difference combined with no change

6

in the annual premium [after 1986] would be sufficient to raise a suggestion as to whether [Lunn] had a cause of action or should seek legal counsel." App. at 40.

The District Court noted that Lunn failed to allege that he had undertaken any kind of due diligence between 1986, when he should have discovered the possibility of a claim, and 2002. Due diligence is a necessary element of a fraudulent concealment claim. See Dewey v. Volkswagen AG, --- F. Supp. 2d ----, 2008 WL 878324, at *13 (D.N.J. Apr. 1, 2008). Lunn has provided no such evidence.[4] Thus, although the District Court should have evaluated Prudential's motion under the summary judgment standard, it did not err in entering judgment for Prudential.

We also reject Lunn's appeal from the denial of his motion to certify the class. Rule 23 requires that a class representative be a member of the class. Fed. R. Civ. P. 23(a); 7A Charles Alan Wright et al., Federal Practice and Procedure § 1761 (3d ed. 2005) (discussing requirement that representatives must be members of the class). In Great Rivers Cooperative of Southeastern Iowa v. Farmland Industries, Inc., 120 F.3d 893, 899 (8th Cir. 1997), the court held that the purported class representative "is not and cannot be a class member because his claim is time barred; consequently, he cannot

---

[4] Moreover, this court has recently stated that the continuing wrong theory "will not apply where the plaintiff 'discovered or should have discovered the injury and its caus[al] connection with the [fraudulent behavior] before that time.'" Cetel, 460 F.3d at 513 n.16 (quoting Lopez v. Swyer, 279 A.2d 116, 123 (N.J. Super. Ct. App. Div. 1971)).

7

represent the class." See also Franze v. Equitable Assurance, 296 F.3d 1250, 1254-55 (11th Cir. 2002). We agree with the District Court's conclusion denying certification of the class, but the Court should have done so on the ground that the statute of limitations barred Lunn's claims, and he was the sole purported class representative.

## III.

For the above-stated reasons, we will affirm the judgment of the District Court.