**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2201-15T3

ELAR REALTY CO.,

    Plaintiff-Appellant,

v.

ENVIRONMENTAL RISK LIMITED
and GZA GEOENVIRONMENTAL, INC.,

    Defendants-Respondents.

_____

Argued September 14, 2017 — Decided October 11, 2017

Before Judges Simonelli, Haas and Rothstadt.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Docket No.
L-0709-11.

Arnold G. Shurkin argued the cause for
appellant.

Scott K. Winikow argued the cause for
respondents (Donovan Hatem, LLP, attorneys;
Mr. Winikow and Lauren M. Ippolito, on the
brief).

PER CURIAM

    Plaintiff Elar Realty Co., appeals from the dismissal of its

complaint on summary judgment granted in favor of defendants

Environmental Risk Limited (ERL) and GZA Geoenvironmental, Inc.

(GZA) and from the denial of its motion for reconsideration. The Law Division dismissed plaintiff's complaint because it was filed after the expiration of the one-year statute of limitation that plaintiff agreed to in its contract with ERL. We affirm.

The relevant facts when viewed in the light most favorable to plaintiff, see Angland v. Mountain Creek Resort, Inc., 213 N.J. 573, 577 (2013) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995)), can be summarized as follows. In 2000, plaintiff and ERL entered into a written contract for ERL to perform services relating to the remediation of plaintiff's property. Plaintiff was represented by counsel throughout the negotiation of the contract.

The contract contained a provision that required plaintiff to bring any "legal action, regardless of the form thereof, . . . against ERL [no] more than one year after ERL has ceased providing services for that specific project for which the damages were alleged to have [o]curred." In another clause, the contract stated that "[a]ny claims, counterclaims, disputes and other matters in question between ERL and [plaintiff] arising out of or relating to this Contract for Services or the breach thereof ("disputes") must be filed within one year of the provision of those services under dispute."

The contract also did not contain any prohibitions against assignment and recognized each party's ability to freely assign its interest in the agreement. Specifically, the parties agreed, "[t]he covenants and agreements contained in this Contract for Services shall apply to, inure to the benefit of and be binding upon the parties hereto and upon their respective successors and assigns."

After ERL commenced performing services for plaintiff, on June 9, 2006, ERL and GZA entered into an asset purchase agreement with GZA purchasing ERL's assets and open contracts. Plaintiff was not part of this agreement, but was eventually sent a notice from GZA and ERL informing it of the transaction. Afterwards, GZA undertook responsibility for ERL's work on plaintiff's property. Plaintiff accepted services from GZA for a substantial period, paying its bills without any objection.

GZA performed services for plaintiff until December 24, 2008, when plaintiff's attorney sent GZA a letter terminating GZA services. Plaintiff terminated the contract because another company it hired to assess the work performed by ERL and GZA reported there were "deficiencies in GZA's work." GZA immediately stopped its work on the project and no action was taken by either party for two years regarding their rights under the original contract between plaintiff and ERL.

A-2201-15T3

In January 2011, plaintiff filed its complaint in this action. After a tortuous period of protracted litigation, in 2015 ERL and GZA filed a motion for summary judgment that plaintiff opposed, arguing that the one-year statute of limitation was not enforceable because the assignment between ERL and GZA was invalid, and the shortened period to file suit stated in the contract was unreasonable and otherwise unenforceable. Judge Garry J. Furnari granted the motion on October 5, 2015, dismissing plaintiff's complaint with prejudice.

In his comprehensive oral decision, Judge Furnari carefully reviewed the undisputed facts and applicable case law and found that, contrary to plaintiff's arguments, there was no obstacle to ERL's right to assign its contract with plaintiff to GZA. The judge then analyzed the case law applicable to the enforcement of the contract's one-year statute of limitation and applied it to the date upon which plaintiff discovered issues with ERL and GZA's performance that gave rise to its claim, concluding that plaintiff's action was barred.

Plaintiff moved for reconsideration, which Judge Furnari denied on January 8, 2016.[1]  In another comprehensive oral

---

[1]    Plaintiff's motion for reconsideration addressed other interlocutory orders entered by another judge as well as Judge Furnari's order granting summary judgment. Although Judge Furnari

decision, the judge explained that despite plaintiff renewing its challenges to the assignment of its contract with ERL, and again arguing that the one-year statute of limitation was unreasonable and unenforceable, plaintiff failed to provide any legal or factual support for its arguments in satisfaction of its burden on reconsideration.

On appeal, plaintiff challenges the entry of summary judgment[2] in favor of ERL and GZA, arguing that the two entities merged, making "GZA responsible for ERL's liabilities," and, in any event, ERL's agreement with GZA was an "asset purchase agreement" that was "not binding on plaintiff." Plaintiff also challenges the assignment of its contract by arguing it was not assignable because it called for personal services and could not be assigned without plaintiff's agreement. In addition, plaintiff alleges that there was a conflict of interest between defendants that should have prevented their attorney from representing them. Finally, it contends that the one-year statute of limitation "was unreasonable

---

addressed the other orders and denied reconsideration, his decision as to those orders is not the subject of plaintiff's appeal.

[2]   Although included in plaintiff's notice of appeal, plaintiff's brief does not contain any arguments directed to Judge Furnari's order denying reconsideration.

and unenforceable as a result of the application of equitable discovery."

We begin by acknowledging the legal principles that guide our review. Our review of a motion judge's grant of summary judgment is de novo. Conley v. Guerrero, 228 N.J. 339, 346 (2017). We apply the same standard as the motion judge, which requires us to examine the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law. Ibid. We afford no deference to the motion judge's legal conclusions. See Cypress Point Condo. Ass'n v. Adria Towers, L.L.C., 226 N.J. 403, 414-15 (2016). We review a judge's decision to deny reconsideration for an abuse of discretion. See R. 4:49-2; Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (citing D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

We conclude from our review that plaintiff's contentions are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following brief comments.

Many of plaintiff's arguments on appeal were not raised before the motion judge and there is no reason for us to consider them on appeal. See Zaman v. Felton, 219 N.J. 199, 226-27 (2014)

(citation omitted); <u>Alloway v. Gen. Marine Indus., L.P.</u>, 149 <u>N.J.</u> 620, 643 (1997); <u>Nieder v. Royal Indem. Ins. Co.</u>, 62 <u>N.J.</u> 229, 234 (1973). Plaintiff also failed to address other arguments in its briefs and those arguments are deemed waived for that reason. <u>See</u> <u>N.J. Dep't of Envtl. Prot. v. Alloway Twp.</u>, 438 <u>N.J. Super.</u> 501, 505-06 n.2 (App. Div.), <u>certif. denied</u>, 222 <u>N.J.</u> 17 (2015); Pressler & Verniero, <u>Current N.J. Court Rules</u>, comment 5 on <u>R.</u> 2:6-2 (2018).

Procedural issues aside, the motion judge's conclusions that the one-year statute of limitation agreed to by the parties was enforceable and that plaintiff's contract with ERL was freely assignable are unassailable under the facts presented by plaintiff in opposition to summary judgment and on reconsideration. <u>See</u> <u>Mirra v. Holland Am. Line</u>, 331 <u>N.J. Super.</u> 86, 91 (App. Div. 2000) (citing <u>Eagle Fire Prot. Corp. v. First Indem. of Am. Ins. Co.</u>, 145 <u>N.J.</u> 345, 354 (1996)) (addressing agreements as to statutes of limitations); <u>see also</u> <u>Somerset Orthopedic Assocs, P.A. v. Horizon Blue Cross and Blue Shield of N.J.</u>, 345 <u>N.J. Super.</u> 410, 415-16 (App. Div. 2001) (citing <u>Owen v. CNA Ins./Continental Cas. Co.</u>, 167 <u>N.J.</u> 450, 460-61 (2001)) (addressing assignment of contracts). We affirm therefore substantially for the reasons expressed by Judge Furnari in his thoughtful and cogent oral decisions.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION